IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUZANNE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00733-ALM |
| | § | |
| H. NEIL MATKIN, in his personal and | § | |
| official capacity; TONI JENKINS, in | § | |
| her personal and official capacity; and | § | |
| COLLIN COLLEGE | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

Defendants H. Neil Matkin, in his personal and official capacity, Toni Jenkins, in her personal and official capacity, and Collin College (collectively, "Defendants") file the following first amended answer to Plaintiff's Complaint [Dkt. 1]:

### PARTIES

1. Defendants admit the allegations in ¶ 2 of Plaintiff's Complaint.

2. Defendants admit the allegations in ¶ 3 of Plaintiff's Complaint.

3. Defendants admit the allegations in ¶ 4 of Plaintiff's Complaint.

4. Defendants admit the allegations in ¶ 5 of Plaintiff's Complaint.

### JURISDICTION

5. Defendants admit the allegations in ¶ 6 of Plaintiff's Complaint.

6. Defendants admit the allegations in ¶ 7 of Plaintiff's Complaint.

### VENUE

7. Defendants admit the allegations in ¶ 8 of Plaintiff's Complaint.

8. Defendants admit the allegations in ¶ 9 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

9. Defendants admit only that Jones began working at Collin College in 2001, and deny all other factual allegations in ¶ 10 of Plaintiff's Complaint.

10. Defendants admit that Jones signed her name on a published open letter supporting the removal of confederate monuments in Dallas, Texas, and that she listed both her job title and Collin College. Defendants deny the remaining factual allegations in ¶ 11 of Plaintiff's Complaint.

11. Defendants admit that James Barko requested a meeting with Jones and sent an email about that meeting on August 24, 2017. Defendants admit that Jones, James Barko and Dr. Abe Johnson were present during the meeting. Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 12 of Plaintiff's Complaint and, as such, deny those allegations.

12. Defendants lack sufficient knowledge or information with which to admit or deny the allegations in ¶ 13 of Plaintiff's Complaint related to an alleged vague "correspondence," and as such, deny these allegations.

13. Defendants admit that Collin College entered into a Full-time Faculty Contract ("Contract") with Jones, that Jones signed the Contract on April 26, 2018, and that the Term of the Contract began on August 15, 2018 and ended "on the last scheduled day or otherwise, as directed by the College" in May 2021. Defendants admit that a copy of the Contract is attached as Exhibit A to Plaintiff's Complaint. Defendants deny the remaining factual allegations in ¶ 14 of Plaintiff's Complaint.

14. Based on information and belief, Defendants admit the allegations in ¶ 15 of the Plaintiff's Complaint.

15. Defendants deny the allegations in ¶ 16 of Plaintiff's Complaint.

16. Defendants admit that on March 31, 2020, Texas Governor Greg Abbott issued Executive Order GA-14, relating to statewide continuity of essential services and activities during the COVID-19 disaster, but deny the remaining factual allegations in ¶ 17 of Plaintiff's Complaint.

17. Defendants admit that Jones was a member of Collin College's Faculty Council ("FC") and that the FC issued a resolution dated June 30, 2020 with three proposed recommendations ("FC Resolution"). Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 18 of Plaintiff's Complaint, and as such, all other factual allegations in this paragraph are denied. Defendants also deny that Exhibit B to Plaintiff's Complaint is a complete copy of the referenced document.

18. Defendants admit that Dr. Matkin issued a response dated July 14, 2020 to the FC Resolution, but deny the remaining factual allegations in ¶ 19 of Plaintiff's Complaint. Defendants further admit that Dr. Matkin also sent an email on July 15, 2020 that included the following complete statements: "Ideally, the faculty members elected to the Faculty Council should strive to represent the faculty of their respective campuses. Part of the current difficulty is with timing. The majority of full-time faculty were off for the summer shortly following the onset of this crisis. But, earlier this week I received a strongly worded complaint expressing concerns that some were not appropriately represented by their Faculty Council members. I decided to dig a little deeper. Yesterday, 20 faculty were polled at the new Technical Campus. To a person, ALL desired face-to-face courses to start up in the Fall. Enrollments for this new facility resulted in many full sections with waiting lists. I find it ironic that some of the chief proponents of closing our campuses and going fully online failed to speak to the faculty they were charged to represent."

19. Defendants admit that Collin College issued a Fall 2020 Restart Plan in July 2020, but deny the remaining factual allegations in ¶ 20 of Plaintiff's Complaint.

20. Defendants admit that as alleged ¶ 21 of the Plaintiff's Complaint that Jones has attached a copy of her 2019 – 2020 FT Faculty Performance Appraisal and that the statements listed in ¶ 21 are included in that appraisal.

21. Defendants admit that Jones was selected to award an Engaged Faculty Scholarship to a student and that such selection is a significant honor at Collin College. Defendants deny the remaining allegations in ¶ 22 of Plaintiff's Complaint.

22. Defendants admit that Jones taught in-person during the Fall 2020 semester. Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 23 of Plaintiff's Complaint and, as such, deny those allegations.

23. Defendants admit that Jones reached out to Associate Dean Cade, Dean Evans and Dr. Jenkins with specific questions. Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 24 of Plaintiff's Complaint and, as such, deny those allegations.

24. Defendants admit only that Exhibit D contains an email string containing communications regarding a TFA announcement. Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 25 of Plaintiff's Complaint and, as such, deny those allegations.

25. Defendants deny the allegations in ¶ 26 of Plaintiff's Complaint.

26. Defendants lack sufficient knowledge or information with which to admit or deny the allegations in ¶ 27 of Plaintiff's Complaint and, as such, deny those allegations.

27. Defendants lack sufficient knowledge or information with which to admit or deny the allegations in ¶ 28 of Plaintiff's Complaint and, as such, deny those allegations.

28. Defendants lack sufficient knowledge or information with which to admit or deny the allegations in ¶ 29 of Plaintiff's Complaint and, as such, deny those allegations.

29. Defendants deny the allegations in ¶ 30 of Plaintiff's Complaint.

30. Defendants deny the allegations in ¶ 31 of Plaintiff's Complaint.

31. Defendants deny that Dean Evans contacted Jones four separate times based on a purported log showing some missed calls exchanged between them. Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 32 of Plaintiff's Complaint and, as such, deny those allegations.

32. Defendants lack sufficient knowledge or information with which to admit or deny allegations related to an alleged vague "correspondence" and, as such, denies the allegations in ¶ 33 of Plaintiff's Complaint.

33. Defendants lack sufficient knowledge or information with which to admit or deny the allegations in ¶ 34 of Plaintiff's Complaint and, as such, deny those allegations.

34. Defendants admit that a committee consisting of faculty that were supposed to review conference proposals submitted a proposal for a panel for the January 2021 Faculty Development Conference entitled "Finding Your Voice." Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 35 of Plaintiff's Complaint and, as such, deny those allegations.

35. Defendants deny the allegations in ¶ 36 of Plaintiff's Complaint.

36. Defendants admit that emails were exchanged on December 15, 2020 between FC President Kat Balch, Jones, and others. Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 37 of Plaintiff's Complaint and, as such, deny those allegations.

37. Defendants lack sufficient knowledge or information with which to admit or deny the allegations in ¶ 38 of Plaintiff's Complaint and, as such, deny those allegations.

38. Defendants admit the allegations in ¶ 39 of Plaintiff's Complaint.

39. Defendants deny the allegations in ¶ 40 of Plaintiff's Complaint.

40. Defendants admit that Provost Barnes-Tilley informed Jones who had recommended her faculty contract extension, but deny the remaining allegations in ¶ 41 of Plaintiff's Complaint.

41. Defendants admit that Provost Barnes-Tilley informed Jones that the grievance process was available to her. Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 42 of Plaintiff's Complaint and, as such, deny those allegations.

42. Defendants admit that Jones submitted her online employee complaint and grievance documents on February 10, 2021, but deny the remaining allegations in ¶ 43 of Plaintiff's Complaint.

43. Defendants admit the allegations in ¶ 44 of Plaintiff's Complaint.

44. Defendants deny that the allegations in ¶ 45 of Plaintiff's Complaint.

45. Defendants admit that the allegations in the Grievance (Exhibit E to Plaintiff's Complaint) referenced in ¶ 46 of Plaintiff's Complaint speak for themselves.

46. Defendants admit that a letter dated February 12, 2021 was sent to Mr. Nickerson with such a request and that the request was denied. Defendants also admit that Exhibit F is a copy of Collin College's policy DGBA (Local). Defendants deny the remaining allegations in ¶ 47 of Plaintiff's Complaint.

47. Defendants admit that Jones was provided twenty (20) minutes to present her grievance to the RRP, but deny the remaining allegations in ¶ 48 of Plaintiff's Complaint.

48. Defendants admit that, as a respondent, Dr. Jenkins responded to Jones' grievance in writing and that a copy of that written response is attached as Exhibit G to Plaintiff's Complaint. Defendants deny the remaining allegations in ¶ 49 of Plaintiff's Complaint.

49. Defendants admit the allegations in ¶ 50 of Plaintiff's Complaint.

50. Defendants admit that Dr. Jenkins made a recommendation not to recommend Jones for a contract extension, but deny the remaining allegations in ¶ 51 of Plaintiff's Complaint.

51. Defendants admit that, as a respondent, Dr. Matkin responded to Jones' grievance in writing and that a copy of that written response is attached as Exhibit H to Plaintiff's Complaint. Defendants deny the remaining allegations in ¶ 52 of Plaintiff's Complaint.

52. Defendants admit that on March 17, 2021, Jones, through her attorneys, requested that her grievance presentation be extended and admit that the RRP granted an extension to 45 minutes for the presentation. Defendants lack sufficient knowledge or information with which to admit or deny the remaining allegations in ¶ 53 of Plaintiff's Complaint and, as such, deny those allegations.

53. Defendants admit that, although Jones had not designated Dr. Matkin and Dr. Jenkins as witnesses before as specifically required under the hearing procedures she was previously provided, on March 19, 2021, Jones submitted a request for Dr. Matkin and Dr. Jenkins to testify at Jones' grievance hearing. Defendants admit that such request was denied for the reasons stated in an email dated March 24, 2021 sent to counsel for Jones, which is attached as Exhibit I to Plaintiff's Complaint. Defendant deny the remaining allegations in ¶ 54 of Plaintiff's Complaint.

54. Defendants admit that the RRP heard Jones' presentation of her grievance on March 30, 2021, and that such a presentation was recorded. Defendants deny the remaining allegations in ¶ 55 of Plaintiff's Complaint.

55. Defendants admit that the RRP issued a decision on April 27, 2021 and that Jones attached a copy of the RRP's decision also dated April 27, 2021 as Exhibit J to Plaintiff's Complaint. Defendants deny that the RRP noted that they had ex-parte or private conversation outside the Parameters of Collin College policy with Dr. Jenkins. Defendants deny the remaining allegations in ¶ 56 of Plaintiff's Complaint.

56. Defendants admit that the Board of Trustees met on April 27, 2021 for a regularly – scheduled Board meeting and that one Board member made a recommendation for a future agenda item to consider the reinstatement of two professors. Defendants admit that Exhibit K to Plaintiff's Complaint is a copy of the Amended Minutes of Regular Board Meeting, April 27, 2021. Defendants deny the remaining allegations in ¶ 57 of Plaintiff's Complaint.

57. Defendants admit that Jones has attached a copy of Board policy BD (Local) as Exhibit L to Plaintiff's Complaint, buy deny the remaining allegations in ¶ 58 of Plaintiff's Complaint.

58. Defendants admit that Jones appealed the RRP decision to the next level of review under Collin college policy DGBA (Local) and that Jones requested finding and relief as stated in her written appeal. Defendants deny the remaining allegations in ¶ 59 of Plaintiff's Complaint.

59. Defendants admit that on May 18, 2021, Dr. Schuman affirmed the RRP decision and that, as alleged in ¶ 60 of Plaintiff's Complaint, a copy of Dr Schuman's decision is attached as Exhibit M to Plaintiff's Complaint.

60. Defendants admit that on May 21, 2021, Mr. Enoch sent a letter to Collin College purporting to appeal the May 18th final decision to the Board of Trustees and that a copy of this letter is attached as Exhibit N to Plaintiff's Complaint. Defendants deny the remaining allegations in ¶ 61 of Plaintiff's Complaint.

61. Defendants admit that Mr. Enoch chose to address the Board of Trustees during the public comment period of the Board meeting and spoke about Jones' grievance for the allotted time period, but deny the remaining allegations in ¶ 62 of Plaintiff's Complaint.

62. Defendants admit that the Board of Trustees took no action with respect to Jones after the May 25th Board meeting, but deny the remaining allegations in ¶ 63 of Plaintiff's Complaint.

63. Defendants admit that Jones' Contract ended at the end of its Term as specifically provided in the Contract and that Jones had accrued vacation hours as of May 2021. Defendants deny the remaining allegations in ¶ 64 of the Complaint.

64. Defendants deny the allegations in ¶ 65 of Plaintiff's Complaint.

65. Defendants deny the allegations in ¶ 66 of Plaintiff's Complaint.

66. Defendants deny the allegations in ¶ 67 of Plaintiff's Complaint because they are taken out-of-context and are therefore legally and factually misleading.

67. Defendants deny the allegations in ¶ 68 of Plaintiff's Complaint because they are too vaguely worded.

68. Defendants deny the allegations in ¶ 69 of Plaintiff's Complaint.

69. Defendants deny the allegations in ¶ 70 of Plaintiff's Complaint.

70. Defendants admit that Exhibit F to Plaintiff's Complaint is a copy of Board policy DGBA (Local), but deny the remaining allegations in ¶ 71 of Plaintiff's Complaint.

71. The allegations in ¶ 72 of Plaintiff's Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Defendants deny the legal conclusions alleged in Plaintiff's Complaint as applied to the facts of this specific case.

72. Defendants deny the allegations in ¶ 73 of Plaintiff's Complaint

73. Defendants deny the allegations in ¶ 74 of Plaintiff's Complaint.

74. Defendants deny the allegations in ¶ 75 of Plaintiff's Complaint.

75. Defendants deny the allegations in ¶ 76 of Plaintiff's Complaint.

76. Defendants deny the allegations in ¶ 77 of Plaintiff's Complaint.

77. Defendants deny the allegations in ¶ 78 of Plaintiff's Complaint.

78. Defendants deny the allegations in ¶ 79 of Plaintiff's Complaint.

79. Defendants admit that Collin College is governed by a nine-member elected Board of Trustees and that its District President is Dr. Neil Matkin, but deny the remaining allegations in ¶ 80 of Plaintiff's Complaint.

80. Defendants admit that Collin College's Board of Trustees receives reports from Dr. Matkin, but deny the remaining allegations in ¶ 81 of Plaintiff's Complaint.

81. Defendants deny the allegations in ¶ 82 of Plaintiff's Complaint because they are too vaguely worded.

82. Defendants admit that the members of the Board of Trustees present during the May 25th, 2021 Board meeting heard Mr. Enoch speak, but deny the remaining allegations in ¶ 83 of the Plaintiff's Complaint.

83. Defendants deny the allegations in ¶ 84 of Plaintiff's Complaint.

84. Defendants admit that the Board of Trustees is the College's final policymaker, but deny the remaining allegations in ¶ 85 of Plaintiff's Complaint.

85. Defendants admit that the Board of Trustees is the College's final policymaker, but deny the remaining allegations in ¶ 86 of Plaintiff's Complaint.

86. Defendants admit that the Board of Trustees is the College's final policymaker, but deny the remaining allegations in ¶ 87 of Plaintiff's Complaint.

87. Defendants deny the allegations in ¶ 88 of Plaintiff's Complaint.

88. Defendants deny the allegations in ¶ 89 of Plaintiff's Complaint.

89. Defendants deny the allegations in ¶ 90 of Plaintiff's Complaint.

90. Defendants admit that the Board of Trustees has delegated authority to Dr. Matkin over personnel and other administrative matters, but deny the remaining allegations in ¶ 91 of Plaintiff's Complaint.

91. Defendants admit the allegations in ¶ 92 of Plaintiff's Complaint that Dr. Matkin has been the District President of Collin College since April 2015.

92. Defendants admit that Dr. Matkin receives reports from employees of Collin College on personnel and other administrative matters, but deny the remaining allegations in ¶ 93 of Plaintiff's Complaint.

93. Defendants admit that Dr. Matkin and Dr. Jenkins were respondents in the grievance filed by Jones, but deny the remaining allegations in ¶ 94 of Plaintiff's Complaint because they are too vaguely worded.

94. Defendants deny the allegations in ¶ 95 of Plaintiff's Complaint.

95. Defendants deny the allegations in ¶ 96 of Plaintiff's Complaint.

96. Defendants deny the allegations in ¶ 97 of Plaintiff's Complaint.

97. The allegations in ¶ 98 of Plaintiff's Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Defendants deny the legal conclusions alleged in Plaintiff's Complaint as applied to the facts of this specific case.

98. Defendants deny the allegations in ¶ 99 of Plaintiff's Complaint.

99. Defendants deny the allegations in ¶ 100 of Plaintiff's Complaint because they are too vaguely worded.

100. Defendants deny the allegations in ¶ 101 of Plaintiff's Complaint.

101. Defendants deny the allegations in ¶ 102 of Plaintiff's Complaint.

102. Defendants deny the allegations in ¶ 103 of Plaintiff's Complaint.

103. Defendants admit that Dr. Jenkins was Senior Vice President of Campus Operations at Collin College from January 2019 through February 2021, and that she retired from Collin College in August of 2021. Defendants deny the remaining allegations in ¶ 104 of Plaintiff's Complaint.

104. Defendants admit that Dr. Jenkins received reports from employees of Collin College on personnel and other administrative matters, but deny the remaining allegations in ¶ 105 of Plaintiff's Complaint.

105. Defendants deny the allegations in ¶ 106 of Plaintiff's Complaint.

106. Defendants deny the allegations in ¶ 107 of Plaintiff's Complaint.

107. Defendants deny the allegations in ¶ 108 of Plaintiff's Complaint.

108. Defendants deny the allegations in ¶ 109 of Plaintiff's Complaint.

109. The allegations in ¶ 110 of Plaintiff's Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Defendants deny the legal conclusions alleged in Plaintiff's Complaint as applied to the facts of this specific case.

110. Defendants deny the allegations in ¶ 111 of Plaintiff's Complaint.

111. Defendants deny the allegations in ¶ 112 of Plaintiff's Complaint because they are too vaguely worded.

112. Defendants deny the allegations in ¶ 113 of Plaintiff's Complaint.

113. Defendants deny the allegations in ¶ 114 of Plaintiff's Complaint.

114. Defendants deny the allegations in ¶ 115 of Plaintiff's Complaint.

115. Defendants deny the allegations in ¶ 116 of Plaintiff's Complaint.

### FIRST CLAIM FOR RELIEF
*Right to Free Expression and Association Under the First and Fourteenth Amendments of the U.S. Constitution*

116. Defendants incorporate their answers to the allegations in paragraphs 2-116 of Plaintiff's Complaint as if fully set forth herein.

117. Defendants admit Plaintiff makes the claim asserted in ¶ 118 of Plaintiff's Complaint, but deny this claim has any merit.

118. Defendants deny the allegations in ¶ 119 of Plaintiff's Complaint.

### SECOND CLAIM FOR RELIEF
*Right to Free Expression and Association Under the Texas Constitution*

119. Defendants incorporate their answers to the allegations in paragraphs 2-116 of Plaintiff's Complaint as if fully set forth herein.

120. The allegations in ¶ 121 of Plaintiff's Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Defendants deny the legal conclusions alleged in Plaintiff's Complaint as applied to the facts of this specific case.

121. Defendants admit Plaintiff makes the claim asserted in ¶ 122 of Plaintiff's Complaint, but deny this claim has any merit.

122. Defendants admit Plaintiff makes the claim asserted in ¶ 123 of Plaintiff's Complaint, but deny this claim has any merit.

### THIRD CLAIM FOR RELIEF
*Right to Due Process Under the Fourteenth Amendment of the U.S. Constitution*

123. Defendants incorporate their answers to the allegations in paragraphs 2-116 of Plaintiff's Complaint as if fully set forth herein.

124. Defendants deny the allegations in ¶ 125 of Plaintiff's Complaint.

125. Defendants admit Plaintiff makes the claim asserted in ¶ 126 of Plaintiff's Complaint, but deny this claim has any merit.

### FOURTH CLAIM FOR RELIEF
*Right to Due Course Under the Texas Constitution*

126. Defendants incorporate their answers to the allegations in paragraphs 2-116 of Plaintiff's Complaint as if fully set forth herein.

127. Defendants deny the allegations in ¶ 128 of Plaintiff's Complaint.

128. Defendants admit Plaintiff makes the claim asserted in ¶ 129 of Plaintiff's Complaint, but deny this claim has any merit.

### PROXIMATE CAUSE

129. Defendants incorporate their answers to the allegations in paragraphs 2-116 of Plaintiff's Complaint as if fully set forth herein.

130. Defendants deny the allegations in ¶ 131 of Plaintiff's Complaint.

### DAMAGES AND REMEDIES

131. Defendants incorporate their answers to the allegations in paragraphs 2-116 of Plaintiff's Complaint as if fully set forth herein.

132. Defendants deny the allegations in ¶ 133 of Plaintiff's Complaint.

133. Defendants deny the allegations in ¶ 134 of Plaintiff's Complaint.

134. Defendants deny the allegations in ¶ 135 of Plaintiff's Complaint.

## ATTORNEYS' FEES

135. Defendants incorporate their answers to the allegations in paragraphs 2-116 of Plaintiff's Complaint as if fully set forth herein.

136. Defendants admit that Plaintiff requests attorneys' fees in ¶ 137 of Plaintiff's Complaint, but deny that Plaintiff is entitled to any award of attorneys' fees.

137. Defendants admit that Plaintiff requests attorneys' fees in ¶ 138 of Plaintiff's Complaint, but deny that Plaintiff is entitled to any award of attorneys' fees.

138. Defendants admit that Plaintiff requests attorneys' fees in ¶ 139 of Plaintiff's Complaint, but deny that Plaintiff is entitled to any award of attorneys' fees.

## INJUNCTIVE RELIEF

139. Defendants admit Plaintiff seeks the injunctive relief requested in ¶ 140 of Plaintiff's Complaint, but denies that Plaintiff is factually or legally entitled to that relief.

## PRE-JUDGMENT AND POST JUDGMENT INTEREST

140. Defendants admit Plaintiff seeks the interest requested in ¶ 141 of Plaintiff's Complaint, but denies that Plaintiff is factually or legally entitled to that relief.

## DEMAND FOR JURY TRIAL

141. Defendants admit the allegations in ¶ 142 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Defendants would have taken the actions complained about in Plaintiff's Complaint regardless of the Plaintiff's alleged protected speech or conduct.

2. Plaintiff has, in whole or in part, failed to mitigate her alleged damages, if any.

3. Plaintiff's back pay, if any, must be reduced by any interim earnings or amounts earnable with reasonable diligence.

4. Plaintiff's claims for damages for alleged violations of the Texas Constitution are barred, in whole or in part, since there is no private cause of action for damages for the violation of state constitutional rights. See *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007).

5. Plaintiff's claims for equitable relief should be barred, in whole or in part, due to her own inequitable conduct.

6. Plaintiff's claims against Defendant Matkin and Jenkins in their individual capacities are barred by these Defendants' qualified immunity.

## REQUEST FOR RELIEF

For these reasons, Defendants ask the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants all other legal and/or equitable relief the Court deems appropriate.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/ Charles J. Crawford*
**Richard Abernathy**
State Bar No. 00809500
**Charles J. Crawford**
State Bar No. 05018900
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
rabernathy@abernathy-law.com
ccrawford@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2021 a true and correct copy of Defendants' First Amended Answer was served upon Plaintiff's attorney by the Court's ECF system.

*/s/ Charles J. Crawford*
Charles J. Crawford