IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Suzanne Jones,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **H. Neil Matkin, in his personal and** § <br> **official capacity; Toni Jenkins, in her** § <br> **personal and official capacity; and** § <br> **Collin College,** § <br> § <br> **Defendants.** § | **CAUSE NO. 4:21-cv-733** <br><br> **JOINT CONFERENCE REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) ("Rule"), as amended by the "Order Governing Proceedings" entered on December 28, 2021, the attorneys of record for Plaintiff Suzanne Jones ("Plaintiff" or "Jones") and Defendants H. Neil Matkin, Toni Jenkins, and Collin College (collectively, the "Defendants") have met, conferred, and submit the following Joint Conference Report.

1. **A brief factual and legal synopsis of the case.**

    a. **Plaintiff**

    **Plaintiff Jones began working at Collin College as a Professor of Education in August 2001. On April 17, 2018, she signed a full-time faculty contract with Collin College for a three-year term subject to renewal. However, in January 2021, Jones was informed that Collin College would not be renewing her teaching contract citing two reasons for the non-renewal: (1) on two occasions, in 2017 and 2020, Collin**

College asked Jones to remove references to Collin College in her signature block on publicly accessible websites; and (2) Jones had challenged Collin College's COVID-19 reopening plans. Both stated reasons relate to Jones' protected speech; additionally, Jones was not renewed because of her association with the Texas Faculty Association ("TFA"), a non-profit organization formed in 1985 to protect the rights of higher education faculty.

Jones timely grieved the decision to non-renew her teaching contract. The Grievance gave notice of the same allegations that are alleged in this complaint: that Collin College, Matkin, and Jenkins violated the United States Constitution's First Amendment, Texas Constitution, Article I, §§ 8 and 27, and her right to due process as established under *Service v. Dulles*, 354 U.S. 363 (1957) and its progeny. The grievance was denied at all levels of appeal.

On May 31, 2021, Jones' three-year teaching contract ended. At that time, Jones had accrued five hundred and sixty-four (564) hours of sick time.

By authorizing the non-renewal of Jones teaching contract for her association with TFA and her speech relating to COVID-19, Defendants Matkin and Jenkins retaliated against Jones for exercising her rights to free expression under the United States and Texas Constitutions. Collin College's Board of Trustees, the College's final policymaker as a matter of law, officially adopted or promulgated a policy of retaliation that was the moving force behind the violation of Jones' First Amendment right to be free from retaliation.

b.  **Defendants**

Plaintiff is a former faculty member of Defendant Collin County Community College District ("Collin College" or the "College"). In January 2021, the College informed Dr. Jones that her term faculty contract would end and would not be renewed for another term. Dr. Jones' faculty contract expressly provided that renewal of the contract was not guaranteed and that her contract did "not grant or create any contractual obligation of continued employment, a property interest, claim or other guaranteed entitlement beyond the last day of the Term of this Contract." During the notification meeting, Dr. Jones was provided the reasons for her non-renewal. Dr. Jones' faculty contract ended, by operation of law, on the last scheduled day of instruction at the College in May 2021.

Dr. Jones proceeded to file an employee complaint or grievance over the non-renewal of her faculty contract. Dr. Jones' grievance was denied and she exhausted her final level of appeal. Under the express language in applicable Board policy, Dr. Jones' grievance was not reviewed by the College's Board of Trustees because her grievance did not relate to a mid-contract termination. In essence, since Dr. Jones' grievance did not involve a tangible property interest, the Board of Trustees was not required to hear Dr. Jones' grievance – a fact Dr. Jones continues to deny to date. On September 26, 2021, Dr. Jones filed this lawsuit.

Defendants deny each of the four claims asserted by Plaintiff for: (1) alleged violation of the right to free expression and association under the First and Fourteenth Amendments of the U.S. Constitution; (2) violation of the right to free

expression and association under the Texas Constitution; (3) violation of the right to due process under the Fourteenth Amendment of the U.S. Constitution; and (4) violation of the right to due course under the Texas Constitution. Defendants assert the following defenses:

1. Defendants would have taken the actions complained about in Plaintiff's Complaint regardless of the Plaintiff's alleged protected speech or conduct.

2. Plaintiff has, in whole or in part, failed to mitigate her alleged damages, if any.

3. Plaintiff's back pay, if any, must be reduced by any interim earnings or amounts earnable with reasonable diligence.

4. Plaintiff's claims for damages for alleged violations of the Texas Constitution are barred, in whole or in part, since there is no private cause of action for damages for the violation of state constitutional rights. See *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007).

5. Plaintiff's claims for equitable relief should be barred, in whole or in part, due to her own inequitable conduct.

6. Plaintiff's claims against Defendant Matkin and Jenkins in their individual capacities are barred by these Defendants' qualified immunity.

2. The jurisdictional basis for this suit.

This action arises under the laws of the United States of America and Texas. The Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims involve questions of federal law, including 42 U.S.C. § 1983 *et seq.* and provisions of the U.S.

**Constitution. The Court may exercise its supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the claims in this suit which arise under the common law and Constitution of the State of Texas and which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.**

3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.

   A. **Suzanne Jones, Plaintiff**

   B. **H. Neil Matkin, Defendant**

   C. **Toni Jenkins, Defendant**

   D. **Collin College, Defendant**

4. A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.

   **NONE.**

5. Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.

   **Plaintiff served her Initial Disclosure on January 27, 2022.**

   **Defendants served their Initial Disclosure on January 28, 2022.**

6. Proposed scheduling order deadlines.

| **Wednesday, February 13, 2022** | Deadline for motions to transfer |
|---|---|

| | |
|---|---|
| **Wednesday, March 30, 2022** | Deadline to add parties |
| **Friday, July 22, 2022** | Mediation must occur by this date |
| **Friday, June 10, 2022** | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| **Wednesday, April 27, 2022** | Disclosure of expert testimony pursuant to Fed. R. Civ. P. (10 weeks after mgmt. conf.) 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| **Wednesday, May 11, 2022** | Deadline for Plaintiff to file amended pleadings. (A motion for leave to amend is required.) |
| **Wednesday May 25, 2022** | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| **Wednesday, May 25, 2022** | Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.) |
| **6 weeks after disclosure of an expert is made** | Deadline to object to any other party's expert witnesses. of an expert is made Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| **Thursday, August 18, 2022** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |

| **Wednesday, August 3, 2022** | All discovery shall be commenced in time to be completed by this date. |
|---|---|
| **Friday, November 25, 2022** | Notice of intent to offer certified records. |
| **Friday, November 25, 2022** | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| **Thursday, December 1, 2022** | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who served the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |
| **Tuesday, December 6, 2022** | Motions in limine due<br>File Joint Final Pretrial Order (*See www.txed.uscourts.gov*). |

| | |
|---|---|
| **Thursday, December 22, 2022** | Response to motions in limine due[1] |
| **2 weeks before final pretrial conf** | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[2] (This does not extend deadline to object to expert witnesses.) File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| **Date will be set by Court Usually within 10 days prior to final pretrial conf** | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| **January 5, 2023** | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| **To be determined** | 10:00 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between February 6, 2023, and March 3, 2023. A specific trial date in this |

---

[1] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel shall confer in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[2] Within five calendar days after the filing of any objections, opposing counsel shall confer to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

|  | time frame will be selected at the Final Pretrial Conference |
|---|---|

7. Describe in accordance with Rule 26(f):

   (i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

   **Because the individual Defendants have qualified immunity, the Defendants will be seeking to stay discovery pending resolution of qualified immunity. After qualified immunity has been resolved, the remaining parties will conduct discovery on each Party's claims and defenses.**

   **Plaintiff opposes the Defendants' proposed stay of discovery pending the resolution of the qualified immunity defense. As both individual Defendants will be deposed during the proposed second phase of discovery whether they remain named parties to the litigation, or not, Plaintiff's counsel fails to see any benefit from the Defendants' proposal as it does nothing to secure the just, speedy, and inexpensive determination of this action.** *See* **Rule 1. If anything, it does just the opposite.**

   (ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as

        any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.

        **None at present.**

(iii)    Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.

        **NO.**

(iv)    Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, **NONE, subject to Defendants' Motion to Stay.**
as well as

(v)    Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c) **NO.**

8.    State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of

that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.

**On August 4, 2021, which is prior to the filing of this lawsuit, the parties participated in an unsuccessful mediation in Dallas utilizing the services of mediator Cecilia H. Morgan, Esq. Since that time, the parties have exchanged various settlement offers including, most recently, Defendant Collin College serving an offer of judgment upon Plaintiff pursuant to Federal Rule of Civil Procedure 68. At this juncture, and pursuant to 28 U.S.C. § 636 and, in turn, LOCAL RULES CV-72(a) and (d), the parties respectfully request the Court to assign U.S. Magistrate Judge Christine A. Nowak to conduct a settlement conference in this case.**

9. The identity of persons expected to be deposed.

   a. **Toni Jenkins**
      **District Vice President (retired)**
      **c/o Abernathy, Roeder, Boyd & Hullett, P.C.**
      **1700 Redbud Boulevard, Ste. 300**
      **McKinney, Texas 75069**

   b. **H. Neil Matkin**
      **District President**
      **c/o Abernathy, Roeder, Boyd & Hullett, P.C.**
      **1700 Redbud Boulevard, Ste. 300**
      **McKinney, Texas 75069**

   c. **Mary Barnes-Tilley**
      **Campus Provost, Plano Campus**
      **c/o Abernathy, Roeder, Boyd & Hullett, P.C.**
      **1700 Redbud Boulevard, Ste. 300**
      **McKinney, Texas 75069**

   d. **Gary W. Evans**

       **Dean of Academic Affairs and Workforce**
       **c/o Abernathy, Roeder, Boyd & Hullett, P.C.**
       **1700 Redbud Boulevard, Ste. 300**
       **McKinney, Texas 75069**

   e. **Dr. Robert Collins**
       **Former Chair and Current Member, Collin College Board of Trustees**
       **c/o Abernathy, Roeder, Boyd & Hullett, P.C.**
       **1700 Redbud Boulevard, Ste. 300**
       **McKinney, Texas 75069**

   f. **Suzanne Jones**
       **c/o Lubin & Enoch, P.C.**
       **221 North Kansas Street, Suite 700**
       **El Paso, Texas 79901**

   g. **Third parties identified by Plaintiffs in discovery as material fact witnesses.**

10. Estimated trial time and whether a jury demand has been timely made.

    **Five (5) days and Plaintiff has timely demanded a jury trial.**

11. The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

    **Nicholas J. Enoch for the Plaintiff**

    **Richard Abernathy for the Defendants**

12. Whether the parties jointly consent to trial before a magistrate judge. **NO.**

13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference. **NONE.**

RESPECTFULLY SUBMITTED this 1st day of February 2022.

        Lubin & Enoch, P.C.

        /s/ Nicholas J. Enoch._____
        NICHOLAS J. ENOCH
        Bar No. 24042618
        Email: nick@lubinandenoch.com
        CLARA S. ACOSTA
        Bar No. 24115993
        Email: clara@lubinandenoch.com
        221 North Kansas Street, Suite 700
        El Paso, Texas 79901
        Telephone: 915-585-8008
        Fax: 602-626-3586

        ATTORNEYS FOR PLAINTIFF


        **ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

        */s/ Charles J. Crawford*
        **Richard Abernathy**
        State Bar No. 00809500
        **Charles J. Crawford**
        State Bar No. 05018900
        1700 Redbud Blvd., Suite 300
        McKinney, Texas 75069
        Telephone: (214) 544-4000
        Facsimile: (214) 544-4040
        rabernathy@abernathy-law.com
        ccrawford@abernathy-law.com

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on February 1, 2022, I electronically submitted the attached Notice of Filing Waivers of Service of Summons in accordance with the Electronic Case Files System of the Eastern District of Texas.


/s/ Shana Battles
_____