IN THE UNITED STATES DISTRCT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SUZANNE JONES § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO.: 4:21-CV-733 |
| § | |
| H. NEIL MATKIN, in his personal and § official capacity; TONI JENKINS, in her § personal and official capacity; and § COLLIN COLLEGE, § § | |
| Defendants. § | |

## DEFENDANTS' MOTION TO STAY AND/OR LIMIT DISCOVERY

Defendants H. Neil Matkin and Toni Jenkins, in their individual capacities, (the "Moving Defendants") file the following motion to stay and/or limit discovery.

## I.
## Introduction

1. Plaintiff is Suzanne Jones, a former professor at Collin College. Dkt. 1, ¶¶ 2, 10. Based on the allegations in her Complaint, Jones complains that her faculty contract with Collin College was non-renewed in retaliation for engaging in constitutionally protected conduct and speech. See Dkt. 1, ¶¶ 10-116. The Complaint asserts four causes of action against Collin College and against Defendants Matkin and Jenkins in their official and individual capacities: (1) violation of the right to free expression and association under the First and Fourteenth Amendments to the U.S. Constitution; (2) violation of the right to free expression and association under the Texas Constitution; (3) violation of the right to due process under the Fourteenth Amendment of the U.S. Constitution; and (4) violation of the right to due course under the Texas Constitution. Dkt. 1, ¶¶ 117-129.

2. The Moving Defendants, in their individual capacities, have asserted qualified immunity as an affirmative defense to Plaintiff's claims. Dkt. 5, p. 16, ¶ 6.

3. As more fully detailed below, because qualified immunity is an immunity from suit including discovery, the Court should stay/limit discovery in this case as it has done in other similar cases until the Moving Defendants' entitlement to dismissal based on qualified immunity is finally determined.[1]

## II.
## Argument

**A.  Qualified Immunity Protects Public Officials From Suit**

4. Qualified immunity protects officials from suit and liability unless their conduct violates a clearly established constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity "'gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender,* 565 U.S. 535, 547 (2012). When a defendant asserts qualified immunity, the burden then shifts to the plaintiff to rebut this defense. *Saldana v. Garza,* 684 F.2d 1159, 1163 (5th Cir. 1982).

5. Qualified immunity involves a two-prong analysis: (1) whether a statutory or constitutional right was violated on the facts alleged, and (2) whether the defendant's actions violated clearly established statutory or constitutional rights which a reasonable person would have known. *Griggs v. Brewer,* 841 F.3d 308, 312 (5th Cir. 2004). Regarding this second prong, "[i]f the defendant's actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light

---

[1] The Moving Defendants represent that a motion for summary judgment based on their qualified immunity defense is promptly forthcoming.

of 'law which was clearly established at the time of the disputed action.'" *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010). Courts "ha[ve] discretion to perform either prong first." *Vincent v. City of Sulphur,* 805 F.2d 543, 547 (5th Cir. 2015).

6. The Fifth Circuit has frequently described the correct method for analyzing the second prong of qualified immunity, stating that a court must not deny the protection of qualified immunity unless existing precedent places the constitutional question **"beyond debate."** *Vincent,* 805 F.3d at 547 (citing *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)). "The court must 'ask whether the law so clearly and unambiguously prohibited [the official's] conduct that *every* reasonable official would understand that what he is doing violates [the law]." *Id.*

7. In *Vincent*, the Fifth Circuit went on to state:

> Although a case *directly* on point is not necessary, there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful. [omitting cite] Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context, rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case. See *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004). Therefore, we must decide whether the cases cited by the district court placed beyond reasonable debate the proposition that…

*Vincent*, 805 F.3d at 547.

8. The Supreme Court is in accord. See *White v. Pauly*, ___ U.S. ___, 137 S.Ct. 548 (2017). In *White*, the Supreme Court reversed the Tenth Circuit because the lower court had not analyzed clearly established law in the context of the particularized facts of that case when the lower court denied an officer's immunity defense: "The panel majority misunderstood the 'clearly established' analysis: It failed to identify a case where an officer acting under similar circumstances as Officer White was held to have violated the Fourth Amendment." *White*, 137 S.Ct. at 551-552. *White*

makes it clear that the approach the Fifth Circuit stated in *Vincent* is indeed correct and should continue to guide district courts in their qualified immunity evaluations. Importantly, in *White*, the Supreme Court reiterated that the clearly established laws "should not be defined at a high level of generality," but instead must be "particularized" to the facts of the case. Otherwise plaintiffs "would be able to convert the rule of qualified immunity . . . into a rule of virtual unqualified liability by simply alleging violation of extremely abstract rights." *White,* 137 S.Ct. at 552. The Fifth Circuit has recently demonstrated its clear commitment to this "particularized" requirement of "clearly established." See, e.g., *Cope v. Cogdill,* 3 F.4th 198, 204 and n. 4 (5th Cir. 2021) ("We are bound by the restrictive analysis of 'clearly established' set forth in numerous Supreme Court precedents. … Therefore, unless existing precedent 'squarely governs' the conduct at issue, an official will be entitled to qualified immunity."; "[W]e must enforce the heightened requirements that the Supreme Court has set forth in its recent qualified immunity decisions.") (citing *White v. Pauly,* 137 S.Ct. 548 (2017); *Mullenix v. Luna,* 577 U.S. 7 (2015); *Brosseau v. Haugen,* 543 U.S. 194 (2004)); *Morrow v. Meachum,* 917 F.3d 870, 874-75 (5th Cir. 2019) ("First, we must frame the constitutional question with specificity and granularity. For example, it is obviously beyond debate the Fourth Amendment prohibits certain 'unreasonable…seizures.' 'Yet that is not enough.'") (quoting *Saucier v. Katz,* 533 U.S. 194, 202 (2001)).

**B.     Until Defendants' Qualified Immunity is Resolved, Discovery Should be Avoided**

9.     Because one of the purposes of qualified immunity is to protect public officials from the "broad-ranging discovery" that can be "peculiarly disruptive of effective government," *Harlow,* 457 U.S. at 817, "[i]t must be emphasized that qualified immunity is an ***immunity from suit,*** and extends beyond just a defense to liability to include all aspects of civil litigation." *Jacquez v. Procunier,* 801 F.2d 789, 791 (5th Cir. 1986). For this reason, the Supreme Court has emphasized

that qualified immunity questions should be resolved at the earliest possible stage of a litigation. *Harlow,* 457 U.S. at 818; *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1986).

10.     Accordingly, until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow,* 457 U.S. at 818. See also *Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"). As stated by the Fifth Circuit, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc,* 691 F.3d 645, 648 (5th Cir. 2012). See also *Felder v. Hobby,* 1999 U.S. App. Lexis 39273, * 17 (5th Cir. 1999) ("The defense of qualified immunity protects officials from not only the costs of trial but also the burdens of discovery.").

11.     When, like here, a public official pleads the affirmative defense of qualified immunity in his answer,

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

*Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc).

12.     Here, the allegations in the Complaint do not overcome the Moving Defendants' qualified immunity defense: the Complaint's allegations and attachments do not show that the Moving Defendants' conduct violated Plaintiff's due process or due course rights; nor does the Complaint allege facts sufficient to establish that the Moving Defendants' conduct violated "clearly

established" free speech and association rights.[2] As such, the Court should stay *all* discovery until after the Moving Defendants' qualified immunity is resolved by the forthcoming dispositive motion.

13. More specifically, with respect to the due process/due course causes of action, "[a] claim that an employer violated procedural due process during an adverse employment action requires that (1) the plaintiff have a protected property interest in her employment, and (2) the termination of the interest was effected without the requisite procedural protections." *McCall v. Dallas Indep. Sch. Dist.,* 2001 U.S. Dist. Lexis 23238, * 17 (N.D. Tex. 2001) (citing *McDonald v. City of Corinth, Tex.,* 102 F.3d 152, 155 (5th Cir. 1996)). Importantly, since Collin College does not have tenure, an employee on a term contract such as Plaintiff Jones does not have a protected property interest in the renewal of her expiring contract. See *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 578 (1972); *Grimm v. Cates,* 532 F.2d 1034, 1036 (5th Cir. 1976); *Bates v. Navarro College,* 2020 U.S. Dist. Lexis 198115, * 9-10 (N.D. Tex. 2020). Accordingly, as will be further detailed in the forthcoming motion for summary judgment, the Moving Defendants should be granted qualified immunity, which includes an immunity from pretrial discovery, with respect to these claims.

14. Next, with respect to the free speech/association causes of action, the constitutional rights at issue – in the context of an internal employment dispute – are not clearly established under these particular facts. That Collin College (and, in turn, the Moving Defendants) was acting in its role as Plaintiff's employer is relevant to the qualified immunity inquiry. See, e.g., *Martinez v. Ctr. for Health Care Servs.,* 2002 U.S. Dist. Lexis 13276, * 31 (N.D. Tex. 2005) (noting that when the

---

[2] Plaintiff's Complaint alleges that the First and Fourteenth Amendments protect her free speech and association rights. "Yet [this] is not enough." *Morrow,* 917 F.3d at 875.

government is acting as an employer, rather than as a sovereign, "courts should tolerate more restrictions on speech when government is acting in this role"). Relevant here, speech that is "akin to an internal grievance" is entitled to constitutional protection because "the First Amendment does not require a public office to be run as a roundtable for employee complains over internal office affairs." *Graziosi v. City of Greenville Miss.,* 775 F.3d 731, 738-39 (5th Cir. 2015) (quoting *Connick v. Myers,* 461 U.S. 138, 149 (1983)). "Typically, an employee speaks in furtherance of his personal employer-employee dispute when he discusses personnel matters directly impacting his job or criticizes other employees or supervisors' job performance." *Salge v. Edna Indep. Sch. Dist.,* 411 F.3d 178, 187 (5th Cir. 2005). See also *Moreau v. St. Landry Par. Fire Dist. No. 3,* 808 Fed. Appx. 225, 228-29 (5th Cir. 2020). Such is the case here.

15. Here, the Moving Defendants recommended that Plaintiff's faculty contract not be renewed after it expired[3] for the following reasons:

- **Defendant Jenkins** – "My recommendation to non-renew was made after a thorough review and was based on the following considerations: improper use of the college's name; … the college expected Professor Jones to work collaboratively through shared governance to achieve the vision and mission of the college. … Professor Jones took indirect means to exert external pressure on the college to not reopen as planned and to challenge operational decisions. This conduct directly undermined decisions made by the Board of Trustees for the college; Professor Jones did not express her concerns through normal channels of communication through direct conversations with her associate dean, dean, campus provost, or other administrators. Working outside of available communication lines or committee structures is not productive and is not something that is expected from faculty members." Exhibit G to Plaintiff's Complaint [Dkt. 1-7, Page ID # 98, 99].

- **Defendant Matkin** – "Professor Jones had not addressed the misuse of the college's name by TFA. … especially given her previous warnings; … Professor Jones had not worked collaboratively through shared governance at the college. … I agreed that Professor Jones' faculty contract should not be renewed because she chose to operate outside of the college's shared governance, lines of communication, and resources." Exhibit H to Plaintiff's Complaint [Dkt. 1-8, Page ID #132].

---

[3] Plaintiff was *not* terminated by either of the Moving Defendants. Rather, her term contract expired by operation of law in May 2021 and her expiring contract was simply not renewed.

These reasons do not clearly violate the Constitution, if at all. See cases, *supra.* Under these facts, the Moving Defendants did not violate "clearly established" law in recommending or lawfully approving Plaintiff's non-renewal. Thus, as will be further detailed in the forthcoming motion for summary judgment, the Moving Defendants should be granted qualified immunity, which includes an immunity from pretrial discovery, with respect to these claims. As such, *all* discovery should be stayed until after the Moving Defendants' entitlement to immunity is determined by the forthcoming summary judgment motion.

16.     However, assuming, *arguendo,* that, after reviewing the forthcoming motion for summary judgment on qualified immunity, the Court concludes that Plaintiff is entitled to some discovery to respond to that motion (which is unlikely), then any such discovery should be narrow and limited to only those fact issues necessary for the Court to resolve the forthcoming Rule 56 motion.

### III.
### Conclusion and Prayer

17.     For these reasons, the Court should stay all discovery in this case or, alternatively, limit any discovery to the specific fact issues necessary to resolve the forthcoming summary judgment motion on qualified immunity.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/ Richard M. Abernathy*
**Richard M. Abernathy**
State Bar No. 00809500
**Charles J. Crawford**
State Bar No. 05018900
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000

Facsimile: (214) 544-4040
rabernathy@abernathy-law.com
ccrawford@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

Counsel have conferred on the stay requested in this motion. Plaintiff opposes the requested stay.

*/s/Richard M. Abernathy*
Richard M. Abernathy

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022 a true and correct copy of Defendants' Motion to Stay and/or Limit Discovery was served upon all attorneys of record by the Court's ECF system.

*/s/Richard M. Abernathy*
Richard M. Abernathy