IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SUZANNE E. JONES, *Plaintiff,* v. H. NEIL MATKIN, in his personal and official capacity; TONI JENKINS, in her personal and official capacity; and COLLIN COLLEGE, *Defendants.* | **PLAINTIFF'S OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO STAY AND/OR LIMIT DISCOVERY** Civil Action No.: 4:21-cv-733-ALM |

GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No. 171622015;
CA Bar. No. 343028
JOSHUA T. BLEISCH*
IN Bar No. 35859-53
FOUNDATION FOR INDIVIDUAL RIGHTS
  IN EDUCATION
510 Walnut Street; Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
greg.greubel@thefire.org
josh.bleisch@thefire.org

ROBERT W. SCHMIDT
TX Bar No. 17775429
CREWS LAW FIRM, P.C.
701 Brazos Street; Suite 900
Austin, TX 78701
Telephone: (512) 346-7077, Ext. 103
schmidt@crewsfirm.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiff Suzanne Jones*

i

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................iii

INTRODUCTION ........................................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................... 3

    I.     Binding Authority Mandates That Discovery Proceed Against Collin College and Defendants Matkin and Jenkins in their Official Capacities. ............. 3

    II.    Defendants Matkin and Jenkins Are Not Entitled to a Stay of Discovery Against Them in Their Individual Capacities. ........................................................ 5

          A.     Jones has pled facts sufficient to overcome the individual-defendants' qualified immunity defense. ..................................................... 6

                1.     Clearly established law bars retaliation against public university professors for exercising their freedom of association with unions. ................................................................... 6

                2.     Clearly established law bars retaliation against public university professors for speaking on matters of public concern. ..................................................................................................... 7

          B.     Jones is entitled to create a factual record through discovery showing that her union affiliation and protected speech motivated the decision of Matkin and Jenkins. ........................................................ 9

CONCLUSION............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Anderson v. Valdez*,
   845 F.3d 580 (5th Cir. 2016) ............................................................................................. 6

*Backe v. LeBlanc*,
   691 F.3d 645 (5th Cir. 2012) ........................................................................................ 5, 10

*Boddie v. City of Columbus, Miss.*,
   989 F.2d 745 (5th Cir. 1993) ............................................................................................. 6

*Burleson v. Collin Cnty. Cmty. Coll. Dist.*,
   No. 4:17-CV-00749, 2019 WL 2266633 (E.D. Tex. Jan. 14, 2019) .................................. 4

*Hitt v. Connell*,
   301 F.3d 240 (5th Cir. 2002) ............................................................................................. 6

*Keyishian v. Bd. of Regents*,
   385 U.S. 589 (1967) ........................................................................................................... 8

*Lion Boulos v. Wilson*,
   834 F.2d 504 (5th Cir. 1987) ......................................................................................... 4, 5

*Martin v. Dallas Cnty., Tex.*,
   822 F.2d 553 (5th Cir. 1987) ......................................................................................... 3, 5

*Mayfield v. Butler Snow LLP*,
   No. 3:17-CV-514-CWR-FKB, 2017 WL 5616017 (S.D. Miss. Nov. 21, 2017) ............ 3, 4

*Monell v. Dep't of Soc. Servs.*,
   436 U.S. 658 (1978) ....................................................................................................... 1, 4

*Mooney v. Lafayette Cnty Sch. Dist.*,
   538 Fed. Appx. 447 (5th Cir. 2013) .................................................................................. 6

*Operation Rescue-Nat'l v. Planned Parenthood*,
   975 S.W.2d 546 (Tex. 1998) .............................................................................................. 1

*Owen v. City of Indep., Mo.*,
   445 U.S. 622 (1980) ........................................................................................................... 4

*Pickering v. Bd of Educ. of Township High Sch. Dist. 205*,
   391 U.S. 563 (1968) ........................................................................................................... 7

*Pro. Ass'n of Coll. Educators, TSTA/NEA v. El Paso Cnty. Cmty. Coll. Dist.*,
    730 F.2d 258 (5th Cir. 1984) ............................................................................... 6

*Trent v. Wade*,
    No. 3:12-CV-01244-P, 2012 WL 12924988 (N.D. Tex. Oct. 31, 2012) ............................ 5

*Universal Amusement Co., Inc. v. Hofheinz*,
    646 F.2d 996 (5th Cir. 1981) ............................................................................... 4

**Statutes and Constitutional Provisions:**

Fed. R. Civ. P. 26(a) ................................................................................................. 2

Fed. R. Civ. P. 56(d) ............................................................................................... 10

Local Rule CV-26(a) ........................................................................................... 5, 10

Texas Const. art. I, § 8 ............................................................................................ 1

U.S. Const. amend. I ............................................................................................... 1

Pursuant to Fed. R. Civ. P. 26(c)(2) and Local Rules CV-7(d) and CV-26(a), Plaintiff Suzanne Jones respectfully submits this opposition to the motion to stay and/or limit discovery of Defendants H. Neil Matkin and Toni Jenkins in their individual capacities ("Individual Defendants.")

## INTRODUCTION

The issue before the Court is whether to stay discovery against all Defendants pending the Court's resolution of the Individual-Defendants' pre-discovery motion for partial summary judgment based on qualified immunity. (Dkt. #9, Defs.' Mot. for Summ. J.). Defendants Collin College and Matkin and Jenkins in their official capacities have neither moved for a stay of discovery themselves nor moved for summary judgment.

This is a First Amendment retaliation case. Jones is a former professor of education at Collin College who was terminated because of her protected association with a union and for her protected speech criticizing the College's COVID-19 reopening plan. (Dkt. #1, Compl. ¶¶ 69, 75). On September 22, 2021, Jones sued Collin College, President Matkin, and Senior Vice President of Campus Operations Jenkins, in their official and individual capacities, bringing claims for violations of her First and Fourteenth Amendment rights to free speech and due process as well as coextensive claims under the Texas Constitution.[1] (Dkt. #1, Compl. ¶¶ 117–19.) Jones also asserted a claim against Collin College under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging that Defendants engaged in a persistent, widespread custom or practice of Collin College officials, namely the Board of Trustees and President

---

[1] Courts have recognized that claims for retaliation based on free speech are analyzed coextensively under the First Amendment of the United States Constitution and Article I, Section 8 of the Texas Constitution. *Operation Rescue-Nat'l v. Planned Parenthood*, 975 S.W.2d 546, 559 (Tex. 1998).

1

Matkin, terminating College faculty, including Jones, because of their constitutionally protected speech on matters of public concern. (Dkt. #1, Compl. ¶¶ 85, 91, 97). Jones alleged that this "custom or policy" was the moving force behind her termination. (Dkt. #1, Compl. ¶ 86). Jones also alleged that Defendants Matkin and Jenkins were not entitled to qualified immunity because their actions were "not objectively reasonable in light of clearly established law." (Dkt. #1, Compl. ¶ 116).

On November 29, 2021, Defendants filed an answer that did not include the affirmative defense of qualified immunity. (Dkt. #3, Defs.' Original Answer, p. 15 of 16). On December 21, 2021, Defendants filed an amended answer asserting the defense of qualified immunity. (Dkt. #5, Defs.' First Am. Answer). Notably, Defendants did not move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), the appropriate procedure for dismissing complaints that fail to state a plausible claim for relief.

On February 10, 2022, Defendants H. Neil Matkin and Toni Jenkins in their individual capacities moved to stay discovery and for partial summary judgment, invoking the defense of qualified immunity. (Dkt. #9, Defs.' Mot. for Summ. J.). Defendants seek to stay all discovery pending the outcome of their motion for partial summary judgment or, in the alternative, limit discovery to that required to resolve the motion. (Dkt. #8, Defs.' Mot. to Stay Disc. ¶¶ 15–16).[2]

For the reasons below, this Court should deny Defendants' motion in part and permit discovery: (1) against Defendants Collin College and Matkin and Jenkins in their official capacities without any limitations, and (2) against the Individual-Capacity Defendants

---

[2] To date, the parties have exchanged initial disclosures as required by Fed. R. Civ. P. 26(a)(1). Jones has not propounded any written discovery or noticed any depositions. On March 1, 2022, this Court entered a scheduling order setting August 3, 2022 as the deadline for discovery to be completed. (Dkt. #18, Scheduling Order, p. 2 of 6).

concerning their reason for terminating Jones—a disputed fact necessary to decide qualified immunity.

## LEGAL ARGUMENT

A stay of all discovery is not warranted in this case. First, under controlling Fifth Circuit precedent, Jones is entitled to discovery against Defendants Collin College and Defendants Matkin and Jenkins, in their official capacity, because the doctrine of qualified immunity is inapplicable to those defendants. Second, despite the assertion of a qualified immunity defense, Jones is entitled to discovery against Defendants Matkin and Jenkins in their individual capacities because she has alleged specific facts in the Complaint which, when proven, will establish that Defendants Matkin and Jenkins violated clearly established law by terminating Jones because of her association with a union and her speech critical of the College—both of which are protected by the United States and Texas Constitutions. Finally, Jones must be permitted to conduct written discovery and depositions into whether her union affiliation motivated the decision of Matkin and Jenkins to terminate her because it is a disputed fact necessary to decide qualified immunity.

**I.      Binding Authority Mandates That Discovery Proceed Against Collin College and Defendants Matkin and Jenkins in their Official Capacities.**

Defendants Matkin and Jenkins' assertion of qualified immunity does not justify staying all discovery. As the Fifth Circuit has held, "[t]he protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting all discovery against all *non-immune* defendants in his case." *Martin v. Dallas Cnty., Tex.*, 822 F.2d 553, 555–56 (5th Cir. 1987) (emphasis added) (reversing summary judgment against municipal entity and remanding to allow plaintiff to take discovery against municipal entity); *see also Mayfield v. Butler Snow LLP*, No. 3:17-CV-514-CWR-FKB, 2017 WL 5616017, at *3 (S.D. Miss. Nov. 21,

3

2017) ("In this circuit, a district court errs when it stays discovery into a *Monell* claim simply because an individual official has invoked qualified immunity."). Moreover, the Fifth Circuit has made "clear that qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987) (dismissing appeal of district court order permitting discovery into facts necessary to rule on qualified immunity).

Jones has brought claims against Defendant Collin College under *Monell* because the College is a municipal entity subject to liability. (Dkt. #1, Compl. ¶ 3; *see Burleson v. Collin Cnty. Cmty. Coll. Dist.*, No. 4:17-CV-00749, 2019 WL 2266633 (E.D. Tex. Jan. 14, 2019)). Specifically, Jones alleged that Defendants engaged in a persistent, widespread custom or practice of Collin College officials, namely the Board of Trustees and President Matkin, terminating College faculty, including Jones, because of their constitutionally protected speech on matters of public concern. (Dkt. #1, Compl. ¶¶ 85, 91, 97). As the Supreme Court has made clear, municipal entities like Collin College are not entitled to qualified immunity. *See Owen v. City of Indep., Mo.*, 445 U.S. 622, 638 (1980) ("There is no tradition of immunity for municipal corporations, and neither history nor policy supports a construction of § 1983 that would justify the qualified immunity accorded to the city of Independence by the Court of Appeals.").

Similarly, Defendants Matkin and Jenkins in their official capacities are not entitled to qualified immunity and have not separately moved for summary judgment. *See Universal Amusement Co., Inc. v. Hofheinz*, 646 F.2d 996, 997 (5th Cir. 1981) (noting that qualified immunity "insulates Government officials only from liability in an individual capacity, but has no effect on liability in an official capacity . . . ."). Thus, even assuming Defendants Matkin and Jenkins are entitled to qualified immunity—and as discussed below, they are not— Jones is still

4

entitled to discovery against them in their official capacities. Accordingly, this Court should deny Defendants' motion with respect to discovery against Defendant Collin College and Defendants Matkin and Jenkins in their official capacities. *Martin*, 822 F.2d at 555–56.

## II. Defendants Matkin and Jenkins Are Not Entitled to a Stay of Discovery Against Them in Their Individual Capacities.

The Fifth Circuit has established a two-step analysis when considering a motion to stay discovery pending a decision on a defendant's entitlement to qualified immunity. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (reversing district court discovery order for failing to follow proper two-step analysis). First, a court must determine whether the plaintiff has pled facts that would overcome the defense of qualified immunity. *Id.* Second, if "*[a]fter* the district court finds a plaintiff has so pled . . . the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id.* at 648 (quoting *Lion Boulos*, 834 F.2d at 507–08). "Although courts generally apply this two-step analysis before discovery and during motions to dismiss, this process is equally availing where a party files a motion for summary judgment before discovery can transpire." *Trent v. Wade*, No. 3:12-CV-01244-P, 2012 WL 12924988, at *4 (N.D. Tex. Oct. 31, 2012) (citation omitted). Finally, this analysis is also contemplated by Local Rule CV-26(a), which states:

> **No excuses**. Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those materials necessary to decide the issue of qualified immunity.

5

### A. Jones has pled facts sufficient to overcome the individual-defendants' qualified immunity defense.

Jones has pled sufficient facts that, when proven, will establish that Defendants Matkin and Jenkins violated clearly established law by terminating Jones for (1) associating with a union and (2) for speech on matters of public concern critical of the College.

#### 1. Clearly established law bars retaliation against public university professors for exercising their freedom of association with unions.

The First Amendment "encompasses the right of public employees to join unions and the right of their unions to engage in advocacy and to petition government in their behalf." *Pro. Ass'n of Coll. Educators, TSTA/NEA v. El Paso Cnty. Cmty. Coll. Dist.*, 730 F.2d 258, 262 (5th Cir. 1984). In the Fifth Circuit, it has long been clearly established that "no independent proof of public concern is required in a freedom of association claim arising from union organization activity." *Boddie v. City of Columbus, Miss.*, 989 F.2d 745, 749 (5th Cir. 1993) (holding this was clearly established at least as early as 1987).

Consequently, to establish a First Amendment association retaliation claim in this Circuit, plaintiff must show "(1) [she] suffered an adverse employment action, (2) [her] interest in 'associating' outweighed [her employer's] interest in efficiency, and (3) [her] protected activity was a substantial or motivating factor in the adverse employment action." *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). It has been clearly established in the Fifth Circuit for decades that an "adverse employment action" includes "discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016) (citation omitted); *Mooney v. Lafayette Cnty. Sch. Dist.*, 538 Fed. Appx. 447 (5th Cir. 2013) (holding that "the non-renewal of [a] contract constituted a termination of employment, an adverse employment action.").

Jones has alleged facts to establish each element of a First Amendment association retaliation claim. First, Jones has alleged that she suffered an adverse employment action because she was terminated. (Dkt. #1, Compl. ¶¶ 69, 75). Second, Jones has alleged that her interests in exercising her right to freedom of association outweigh the College's interest in efficiency because "Collin College has not alleged that Jones' speech hindered operation or that her speech impeded her from carrying out her job. To the contrary, Jenkins described Jones as an 'excellent faculty member' with 'positive' student and classroom evaluations, who stays 'engaged' and 'current in her field.'" (Dkt. #1, Compl. ¶¶ 66–67). Finally, Jones has alleged that [her] protected activity was a substantial or motivating factor in the adverse employment action because she alleged that she was terminated because of her protected association with a union and for her protected speech criticizing the College's COVID-19 reopening plan. (Dkt. #1, Compl. ¶¶ 69, 75).

Because Jones has alleged facts to establish each element of her First Amendment association retaliation claim based upon well-established law, the Individual-Defendants are not entitled to qualified immunity.

### 2. Clearly established law bars retaliation against public university professors for speaking on matters of public concern.

It has also long been clearly established that the First Amendment bars retaliation against public employees for expression on a matter of public concern. *See Pickering v. Bd. of Educ. of Township High Sch. Dist. 205*, 391 U.S. 563, 574 (1968) (holding "a teacher's exercise of his right to speak on issues of public importance may not furnish the basis for his dismissal from public employment."). *Buchanan v. Alexander*, decided by the Fifth Circuit nearly two years before Jones' termination, explained that "[t]he Supreme Court has established that academic freedom is 'a special concern of the First Amendment, which does not tolerate laws that cast a

7

pall of orthodoxy over the classroom.'" 919 F.3d 847, 852 (quoting *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967)). Accordingly, the Fifth Circuit has specifically articulated that the First Amendment protects public university professors where "(1) they were disciplined or fired for speech that is a matter of public concern, and (2) their interest in the speech outweighed the university's interest in regulating the speech." *Id.* at 853. Defendants should reasonably have known that terminating Jones' contract violated her right to be free from retaliation for her speech on a matter of public concern.

Jones has alleged facts to establish each element of a First Amendment retaliation claim. First, Jones has alleged that her protected activity was a substantial or motivating factor in the adverse employment action because she alleged that she was terminated because of her protected association with a union and for her protected speech criticizing the College's COVID-19 reopening plan. (Dkt. #1, Compl. ¶¶ 69, 75). Second, as noted in the previous section, Jones has alleged that her interests in speaking on matters of public concern outweigh the College's interest in efficiency because "Collin College has not alleged that Jones' speech hindered operation or that her speech impeded her from carrying out her job. To the contrary, Jenkins described Jones as an 'excellent faculty member' with 'positive' student and classroom evaluations, who stays 'engaged' and 'current in her field.'" (Dkt. #1, Compl. ¶¶ 66–67).

Because Jones has alleged facts to establish each element of her First Amendment retaliation claim based upon well-established law, the Individual-Defendants are not entitled to qualified immunity.

### B. Jones is entitled to create a factual record through discovery showing that her union affiliation and protected speech motivated the decision of Matkin and Jenkins.

As noted above, Defendants have moved for partial summary judgment, asserting that the recommendation for Jones' termination "was not based on Plaintiff's membership in the [union]." (Dkt. #9, Defs.' Mot. for Summ. J. ¶ 3.4). Jones wholeheartedly disputes this assertion.

First, Jones has alleged direct evidence of the College subverting unionization because Dean Evans personally told Jones that "Collin College did not want to be associated with a 'union.'" (Dkt. #1, Compl. ¶ 31). Defendants deny this allegation. (Dkt. #5, Defs.' First Am. Answer ¶ 30). Second, Jenkins instructed an employee not to permit the Faculty Council to discuss the TFA because of its affiliation with a national union. As the employee summarized in an email, "Listen, I've just been advised that we absolutely cannot make an announcement about the existence or solicit membership in TFA as it's an organization clearly associated with state and national labor organizations/unions." (Dkt. #1, Compl. ¶ 25; Dkt. #1-4, Ex. D). Third, Jenkins exhibited anti-union bias by personally canceling the union's already approved panel for Collin College's Faculty Development Conference in January 2021. (Dkt. #1, Compl. ¶¶ 35–36.) Defendants deny this allegation as well. (Dkt. #5, Defs.' First Am. Answer ¶ 35).

As illustrated by Defendants' denial of these key facts that would help establish that Jones' union affiliation motivated Jenkins and Matkin, the record is not ripe for summary judgment. Indeed, because the Individual-Defendants moved for partial summary judgment before Jones could propound discovery, Jones has not had the opportunity to collect evidence, such as deposition testimony and written discovery, to prove her well-founded, specific allegation that her union affiliation motivated Jenkins and Matkin. (Dkt. #1, Compl. ¶¶ 69, 75). This is precisely the type of fact that requires "further clarification" before this Court is able to

9

rule on the Individual-Defendants motion for partial summary judgment because it is perhaps the most important fact in this matter and remains disputed. *Backe*, 691 F.3d at 648.

As argued more fully in Jones' forthcoming opposition to the motion for summary judgment, this Court should defer ruling on Defendants' motion under Federal Rule of Civil Procedure 56(d)[3] because Jones has not had an opportunity to collect evidence to rebut Defendants' proffered basis for her termination. Further, by seeking a complete stay of discovery, the Individual-Defendants ignore Local Rule CV-26(a), which makes it clear that "[p]arties asserting the defense of qualified immunity may submit a *motion to limit discovery to those materials necessary to decide the issue of qualified immunity*." (emphasis added). Indeed, a deferral under Fed. R. Civ. P. 56(d) would allow discovery into whether Jones' union affiliation motivated the decision of Matkin and Jenkins, which is the same outcome mandated by the Fifth Circuit's two-step analysis and Local Rule CV-26(a). Jones further argues that this Court could also deny the Individual-Defendants' motion for partial summary because of the disputed facts identified above.

Because the Court will be unable to rule on the Individual-Defendants' motion for partial summary judgment before Jones is able to collect facts to rebut their proffered basis for terminating her, this Court should deny Defendants' motion in part and allow Jones to conduct written discovery and depositions of Matkin and Jenkins concerning their reason for terminating her.

---

3  Under Fed. R. Civ. P. 56(d), if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Harris v. Ross Stores, Inc.*, No. 4:17-CV-00237, 2018 WL 1625647, at *4 (E.D. Tex. Apr. 4, 2018) (Mazzant, J.) (citations and internal quotation marks omitted).

## **CONCLUSION**

For the foregoing reasons, this Court should deny Defendants' motion in part and permit discovery: (1) against Defendants Collin College and Defendants Matkin and Jenkins in their official capacities with no limitations, and (2) against the Individual-Defendants concerning their reason for terminating Jones.

Respectfully Submitted,

| | |
|---|---|
| */s/ Greg H. Greubel* | */s/ Robert W. Schmidt* |
| GREG HAROLD GREUBEL* | ROBERT W. SCHMIDT |
| PA Bar No. 321130; NJ Bar No. 171622015; | TX Bar No. 17775429 |
| CA Bar. No. 343028 | CREWS LAW FIRM, P.C. |
| JOSHUA T. BLEISCH* | 701 Brazos Street; Suite 900 |
| IN Bar No. 35859-53 | Austin, TX 78701 |
| FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION | Telephone: (512) 346-7077, Ext. 103 schmidt@crewsfirm.com |
| 510 Walnut Street; Suite 1250 | |
| Philadelphia, PA 19106 | |
| Tel: (215) 717-3473 | |
| greg.greubel@thefire.org | |
| josh.bleisch@thefire.org | |
| *Admitted *Pro Hac Vice* | |

*Counsel for Plaintiff Suzanne Jones*

Date: March 10, 2022

11

## CERTIFICATE OF SERVICE

Plaintiff's counsel confirms that a true and correct copy of the foregoing was served via the Court's electronic filing system on this day, March 10, 2022.

*/s/ Greg H. Greubel*
Greg H. Greubel
