IN THE UNITED STATES DISTRCT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUZANNE JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-733 |
| | § | |
| H. NEIL MATKIN, in his personal and official capacity; TONI JENKINS, in her personal and official capacity; and COLLIN COLLEGE | § § § § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO STAY AND/OR LIMIT DISCOVERY**

Defendants H. Neil Matkin and Toni Jenkins, in their individual capacities, (the "Moving Defendants") file the following reply to Plaintiff's Opposition to Individual Defendants' Motion to Stay and/or Limit Discovery [Dkt. 19].

1.      The Moving Defendants, based on their assertion of qualified immunity, have asked the Court to stay and/or limit discovery. Dkt. 8. After receiving an extension of time, Plaintiff filed her response in opposition to the Moving Defendants' request. Dkt. 19. The Moving Defendants now reply to Plaintiff's response as follows.

2.      Plaintiff's response asserts that "[f]urther, by seeking a complete stay of discovery, the Individual-Defendants ignore Local Rule CV-26(a)." Dkt. 19, p. 10. However, the Moving Defendants' motion does not "ignore" Local Rule CV-26(a). Although the Moving Defendants' request for a complete stay of discovery is appropriate based on the principles underlying qualified immunity (see Dkt. 8), the Moving Defendants' motion nevertheless goes on to state that "[h]owever, assuming, *arguendo,* that, after reviewing the forthcoming motion for summary

judgment on qualified immunity, the Court concludes that Plaintiff is entitled to some discovery to respond to that motion (which is unlikely), then any such discovery should be narrow and limited to only those fact issues necessary for the Court to resolve the forthcoming Rule 56 motion."[1] Dkt. 8, ¶ 16.[2] Plaintiff's response, which asks for virtually unlimited discovery against the Moving Defendants in their individual capacities, simply ignores this request.

3. Next, contrary to the argument in Plaintiff's response, *no* discovery is necessary for this Court to grant the Moving Defendants' qualified immunity from the claims alleged against them. As stated in both the Moving Defendants' motion to stay and/or limit discovery [Dkt. 8] and their motion for summary judgment on qualified immunity [Dkt. 9], the relevant inquiry in determining qualified immunity is whether Plaintiff can "identify a case" that "squarely governs" the conduct alleged in the Complaint. See *Joseph v. Bartlett,* 981 F.3d 319, 345 (5th Cir. 2020); *Vincent v. City of Sulphur,* 805 F.3d 543, 547 (5th Cir. 2015). No discovery is necessary for Plaintiff to identify an analogous case sufficient to defeat qualified immunity (she can't). As a result, allowing any discovery to go forward while the Moving Defendants are still individual defendants in this lawsuit will necessarily defeat the individual Moving Defendants' immunity from suit; importantly, until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). See also *Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"). As stated by the Fifth Circuit, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-

---

[1] The Moving Defendants filed their motion for summary judgment on qualified immunity on February 22, 2022. Dkt. 9.

[2] Notwithstanding the instant motion to stay and/or limit discovery, the parties, including the Moving Defendants, have exchanged their Rule 26 initial disclosures.

consuming, and intrusive." *Backe v. LeBlanc,* 691 F.3d 645, 648 (5th Cir. 2012). See also *Felder v. Hobby,* 1999 U.S. App. Lexis 39273, * 17 (5th Cir. 1999) ("The defense of qualified immunity protects officials from not only the costs of trial but also the burdens of discovery.").

4.  The Moving Defendants should not have to sit twice for depositions – first in an official capacity deposition and then again in an individual capacity deposition – while their request for qualified immunity is pending. This is unduly duplicative and burdensome, especially since, as noted above, no further discovery is necessary to "identify a case" that "squarely governs" the Moving Defendants' conduct as alleged in the Complaint and its attachments. Thus, the Court should stay all discovery involving the Moving Defendants, in any capacity, until their pending request for qualified immunity is determined; otherwise, their immunity has effectively been eviscerated. To summarize, requiring the Moving Defendants to participate in merits discovery at this time is contrary to the Supreme Court's emphasis that qualified immunity questions should be resolved at the earliest possible stage of litigation. *Harlow,* 457 U.S. at 818; *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1986).

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/ Richard M. Abernathy*
**Richard M. Abernathy**
State Bar No. 00809500
**Charles J. Crawford**
State Bar No. 05018900
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
rabernathy@abernathy-law.com
ccrawford@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 17, 2022 a true and correct copy of Defendants' Reply to Plaintiff's Opposition to Individual Defendants' Motion to Stay and/or Limit Discovery was served upon all attorneys of record by the Court's ECF system.

              */s/Richard M. Abernathy*
              Richard M. Abernathy