IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SUZANNE E. JONES,<br><br>*Plaintiff,*<br><br>v.<br><br>H. NEIL MATKIN, in his personal and official capacity; TONI JENKINS, in her personal and official capacity; and COLLIN COLLEGE,<br><br>*Defendants*. | Civil Action No.: 4:21-cv-733-ALM<br><br>**DECLARATION OF SUZANNE E. JONES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY** |

Pursuant to 28 U.S.C. § 1746(2), I, Suzanne E. Jones, declare the following:

1. I am a citizen of the United States. I am over eighteen (18) years of age and fully competent to make this declaration. I knowingly and voluntarily make this declaration in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment Based on Qualified Immunity. If called as a witness, I could and would testify competently under oath to the following facts based on my personal knowledge.

2. I am a plaintiff in the above-captioned action challenging Collin College's violation of my First Amendment rights.

3. I have been a resident of Collin County, Texas for most of my life.

4. I began working at Collin College in 2001 as a part-time developmental reading teacher.

5. I began working as a full time professor of what is now a professor of education in 2012.

1

6.      From 2001 to August 2017, I was a dedicated faculty member with no formal disciplinary actions or reprimands from the College. Further, I received above-average teaching evaluations from students and above-average performance reviews by Collin College administrators.

7.      In 2015 and 2020, Collin College President Matkin selected me to choose a student to receive the Engaged Faculty Scholarship, an honor at Collin College.

8.      In August 2017, I signed my name on a published open letter in the *Dallas Morning News* supporting the removal of confederate monuments in Dallas, Texas because I opposed those monuments, listing "Collin College" under my signature, along over thirty faculty members from Dallas-area institutions.

9.      On or about August 24, 2017, James N. Barko, the Dean of Student and Enrollment Services at the College, asked me to remove my affiliation "Collin College" from the published open letter.

10.     In the Fall of 2018, I was elected by full time faculty at my campus to Collin College's Faculty Council, which was a voluntary group composed of faculty who provided nonbinding input into the governance of the College. On the Faculty Council, I was the Chair of the Teaching and Learning Committee, and I had been chosen as a Collin College Virtual Fellow, which meant I was specifically considered specialized in online teaching. Because of my background as an expert in educational curriculum and instruction, I felt that my expertise concerning proven teaching methods was particularly useful for Collin College faculty, who faced novel conditions created by COVID-19. Specifically, I wanted to create resources for professors unfamiliar with online teaching.

11. I served on the Faculty Council from the Fall of 2018 until Collin College terminated me in May 2021.

12. I did not have any personal issues working in-person in 2020, but I received complaints from other faculty members at the Frisco campus concerning the prospect of returning to teach in person, in the Fall of 2020.

13. I attempted to communicate my concerns about the College's reopening plans to the administration. As an example, on August 4, 2020, I emailed Senior Vice President of Campus Operations at Collin College Toni Jenkins concerning working conditions for the College's faculty, specifically asking whether individuals who were entitled to an accommodation due to COVID-19 had the option of attending an in-person, pre-semester meeting virtually. A true and correct copy of my August 4, 2020 email to Jenkins is attached to this declaration as **Exhibit A**.

14. Senior Vice President Jenkins never responded to my August 4, 2020 email concerning virtual options for employees who required accommodations.

15. I, along with other faculty members, decided to organize a chapter of the Texas Faculty Association ("TFA" or "the union") at the College.

16. TFA is a non-collective bargaining union of faculty members and the local affiliate of the Texas State Teachers Association and the National Education Association, which work to protect the rights of higher education faculty.

17. I, and others, felt the union was necessary in order to ensure the faculty had a collective voice to raise concerns with the College's policies and practices.

18. I agreed to serve as the secretary and treasurer of the TFA chapter at the College.

19. On September 22, 2020, I responded to an email from Faculty Council president Kat Balch to ask if I could announce the chapter of the union during the Faculty Council meeting.

20. Before my September 22, 2020 email, I had not informed any Collin College administrator that I helped organize a chapter of the union at the College.

21. Under Jenkins's direction, Faculty Council president Kat Balch did not permit me to announce the formation of the union during a Faculty Council meeting.

22. The TFA operates a website, texasfacultyassociation.org, which used to list the various TFA chapters at institutions across Texas. Without my knowledge, the TFA staff listed the Collin College-Plano chapter on its website, providing my personal email address as the contact information. An archived copy of that page can be found at https://web.archive.org/web/20200925015328/https://www.texasfacultyassociation.org/chapters.

23. On September 28, 2020, Garry W. Evans, Collin College's Dean of Academic Affairs and Workforce, spoke to me by telephone and requested that I remove any mention of Collin College and my contact information from the TFA website.

24. During the call, Dean Evans told me that "I have dreaded calling you all day, but we need you to get the college's name off the TFA website because we cannot be associated with a union."

25. I forwarded Dean Evans's request to TFA; TFA removed those details within forty-eight (48) hours.

26. During this time period, Dean Evans contacted me four (4) separate times to make sure I was disassociating myself from the TFA.

27. Shortly after my request, TFA removed my contact information from their website. I informed Dean Evans of this, and told him via email on September 30, 2020, that I had learned that the TFA had listed, for each chapter, "a board member's personal email" address, and that I "didn't even know I was listed there as I have nothing to do with the website."

28. On or about December 15, 2020, some members of the TFA Chapter at Collin College submitted a proposal for a panel at Collin College's Faculty Development Conference in January 2021.

29. The panel, entitled "Finding Your Voice," was expected to discuss academic freedom, free speech, and engagement with colleagues.

30. This panel was initially approved and designated a date and time slot.

31. Jenkins, acting in her capacity as the Vice President of Collin College, pulled the panel presentation from the program after everyone had been informed it was approved.

32. On January 28, 2021, TFA had its first virtual recruitment meeting for Collin College, which had been previously publicized on social media.

33. Also on January 28, 2021, Mary Barnes-Tilley, a provost for Collin College, and Floyd Nickerson, Chief Human Resources Officer at Collin College, informed me that the College would not be renewing my teaching contract.

34. During this meeting, Barnes-Tilley provided me with two reasons for her non-renewal: (1) I had challenged Collin College's reopening plans; and (2) on two occasions, the 2017 Incident and 2020 Incident, Collin College asked me to remove references to Collin College in publicly accessible websites.

35. During this meeting, Barnes-Tilley told me that my Associate Dean, Dean, and Provost had signed off on my contract extension, but Matkin and Jenkins overruled the recommendation and decided to terminate me.

36. On February 10, 2021, I, through my attorney Nicholas Enoch, filed a nine-page grievance with thirty (30) exhibits consisting of over one hundred (100) pages alleging that Collin College, Matkin, and Jenkins violated my First Amendment rights by terminating me for associating with the TFA and publicly advocating for changes to the College's reopening plan.

37. I am certain that my association with TFA was a motivating factor in Jenkins' decision to terminate me, but my attorneys have not been able to depose Jenkins or review communications made contemporaneous with my termination to prove my allegation because Defendants filed their motion for summary judgment before the Court issued a scheduling order.

38. I am certain that Jenkins's articulated basis for my termination in her March 4, 2021 Response to Complaint is untrue.

39. I am certain that my association with TFA was a motivating factor in Matkin's decision to terminate me, but I have not been able to depose Matkin or review communications made contemporaneous with my termination to prove my allegation because Defendants filed their motion for summary judgment before the Court issued a scheduling order.

40. I understand that Jenkins and Matkin dispute that they made the decision to terminate me based upon my association with the TFA.

41. I do not believe that Jenkins considered the criteria in Board Policy DH (Exhibit) when she made the decision to terminate me.

42. I believe that Matkin and Jenkins communicated about my termination in writing, specifically through emails and text messages.

43. Reviewing the written communications of Matkin and Jenkins about my termination will corroborate my allegation that my association with TFA was a motivating factor in their decision to terminate me.

44. I also believe that the depositions of Matkin and Jenkins will prove that my association with TFA was a motivating factor in their decision to terminate me.

45. Without the benefit of written discovery requests and depositions of Matkin and Jenkins concerning the basis for my termination, I will not be able to collect the evidence necessary to prove my allegation that my association with TFA was a motivating factor in their decision to terminate me.

46. Without the benefit of written discovery requests concerning the basis for my termination and depositions of Matkin and Jenkins, I will not be able to collect the evidence necessary to prove my allegation that Jenkins did not consider the criteria in Board Policy DH (Exhibit) when she made the decision to terminate me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2022

*Suzanne Jones*
Suzanne E. Jones

# Exhibit A

**From:** Suzanne E. Jones REDACTED
**Sent:** Tuesday, August 4, 2020 12:11 PM
**To:** Toni Jenkins REDACTED
**Subject:** question

Dr. Jenkins,

Good morning. After our faculty council meeting last week, I was under the impression that all pre-semester meetings would be virtual. The minutes that went out to all faculty after the meeting stated that "Dr. Matkin and Dr. Jenkins assured us that pre-semester meetings would be virtual." Now, we are all receiving information that our Division meetings will be face to face and there will be food at some of them which of course means that masks will be off. Since I assume there is a virtual option for those with accommodations, I was wondering if others would be allowed to take that option for this meeting as well?

Thank you,


Suzanne Jones, Ed.D.
Professor of Education
Service Learning Faculty Coordinator - Frisco Campus

REDACTED

REDACTED