IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SUZANNE E. JONES,<br><br>    *Plaintiff,*<br><br>v.<br><br>H. NEIL MATKIN, in his personal and official capacity; TONI JENKINS, in her personal and official capacity; and COLLIN COLLEGE,<br><br>    *Defendants*. | **PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO INDIVIDUAL-CAPACITY DEFENDANTS' MOTION TO STAY AND/OR LIMIT DISCOVERY**<br><br>Civil Action No.: 4:21-cv-733-ALM |

Under Local Rule CV-7(f), Plaintiff Suzanne Jones respectfully files this sur-reply in further opposition to Defendants Matkin and Jenkins's (the Individual-Capacity Defendants) motion to stay and/or limit discovery. (Dkt. #8, Defs.' Mot. to Stay Disc.). Plaintiff's sur-reply is limited to issues raised in the Individual-Capacity Defendants' reply brief. (Dkt. #21, Defs.' Reply to Pl.'s Opp'n to Individual Defs.' Mot. to Stay Disc.).

As an initial matter, Individual-Capacity Defendants Matkin and Jenkins do not contest that Jones is entitled to discovery against Defendant Collin College regardless of the outcome of their motion for summary judgment based on qualified immunity. Thus, Jones must be able to proceed with written discovery against the College immediately.

Moreover, Defendants Matkin and Jenkins incorrectly assert that Jones has asked for "unlimited discovery against [them] in their individual capacities . . . ." (Dkt. #21, Defs.' Mot. to Pl.'s Opp'n to Defs.' Mot. to Stay Disc., p. 2 of 4). Jones unambiguously requested the Court to order discovery only against Defendants Matkin and Jenkins concerning their subjective reasons

1

for terminating Jones—a disputed fact that precludes a ruling on summary judgment.[1] (Dkt. #19, Pl.'s Opp'n to Defs.' Mot. to Stay and/or Limit Disc., p. 15 of 16). Contrary to Defendants' claim that Jones was terminated based upon an internal dispute, Jones alleges, as corroborated by her declaration, that her union affiliation and speech on matters of public concern were motivating factors in the decision of Matkin and Jenkins to terminate Jones. (Dkt. #1, Compl. ¶ 69; Dkt. #22-1, Jones Decl., ¶¶ 37–39). At this stage of litigation, this is sufficient to establish that Defendants violated clearly established law when they terminated her. *See Boddie v. City of Columbus, Miss.*, 989 F.2d 745, 748–49 (5th Cir. 1993) (holding the right to associate with a union was clearly established at least as early as 1987); *see also Buchanan v. Alexander*, 919 F.3d 847, 852 (5th Cir. 2019) (stating that professors have the right to speak on matters of public concern where their interest in that speech outweighs the university's interest in regulating it). Because Jones has pled viable First Amendment retaliation claims and the parties dispute the factual basis for Jones's termination, Fifth Circuit precedent and Local Rule CV-26(a) provide a clear outcome for this Court: permit discovery against the Individual-Capacity Defendants concerning their reason for terminating Jones.

Finally, Defendants Matkin and Jenkins ask the Court to stay discovery against them in *any* capacity because they inaccurately contend Jones's request would require them "to sit twice for depositions – first in an official capacity deposition and then again in an individual capacity deposition – while their request for qualified immunity is pending." (Dkt. #21, Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Stay Disc., p. 3 of 4). But Defendants' position lacks support.

---

[1] Jones notes that she would not be permitted to seek information or testimony from Defendants Matkin and Jenkins in their individual capacities concerning any topics outside of their basis for terminating Jenkins. For example, Jones would not be able to seek information concerning the personal financial ability of Defendants Matkin and Jenkins to pay for an award of punitive damages, which Jones is seeking in this matter. (Dkt. #1, Compl., p. 24 of 25 ¶ D).

Defendants Matkin and Jenkins are not shielded by qualified immunity in their official capacities, and "[t]he protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting all discovery against all *non-immune* defendants in his case." *Martin v. Dallas Cnty., Tex.*, 822 F.2d 553, 555–56 (5th Cir. 1987) (emphasis added); *see also Universal Amusement Co., Inc. v. Hofheinz*, 646 F.2d 996, 997 (5th Cir. 1981) (noting that qualified immunity "insulates Government officials only from liability in an individual capacity, but has no effect on liability in an official capacity . . . .").

Nor would Jones have to depose Matkin and Jenkins twice in separate capacities if this Court follows Fifth Circuit precedent, *id.*, and permits discovery against them concerning their reason for terminating her. Jones sees no reason why she would need two depositions while Matkin and Jenkins's request for qualified immunity is pending if this Court permits discovery into the reason why they terminated Jones because she has alleged that Matkin and Jenkins were acting in their official *and* individual capacities when they decided to terminate her. (Dkt. #1, Compl. ¶¶ 4, 5, 36, 69, 75). The facts needed to support Jones's claim that Matkin and Jenkins terminated her for an unconstitutional reason will be identical because Matkin and Jenkins made the decision in their individual and official capacities.

It is crucial that Jones be permitted to seek written discovery against Defendant Collin College (who has custody of the official Collin College email data of Matkin and Jenkins in their official capacities) and Matkin and Jenkins in their individual capacities (who have custody of their personal cell phones and email data) at the same time because Jones will need the communications from that data to prepare for the depositions of Matkin and Jenkins. Only a delay in written discovery is likely to cause Plaintiff's counsel to depose Matkin and Jenkins twice.

For the foregoing reasons, this Court should deny Defendants' motion in part and permit discovery: (1) against Defendants Collin College and Defendants Matkin and Jenkins in their official capacities with no limitations; and (2) against the Individual-Capacity Defendants concerning their reason for terminating Jones.

Respectfully submitted,

| | |
|---|---|
| */s/ Greg H. Greubel* | */s/ Robert W. Schmidt* |
| GREG HAROLD GREUBEL* | Robert W. Schmidt |
| PA Bar No. 321130; NJ Bar No. 171622015; | TX Bar No. 17775429 |
| CA Bar. No. 343028 | CREWS LAW FIRM, P.C. |
| JOSHUA T. BLEISCH* | 701 Brazos Street; Suite 900 |
| IN Bar No. 35859-53 | Austin, TX 78701 |
| JEFFREY D. ZEMAN* | Tel: (512) 346-7077, Ext. 103 |
| PA Bar No. 382570; MI Bar No. P76610 | schmidt@crewsfirm.com |
| FOUNDATION FOR INDIVIDUAL RIGHTS | |
|    IN EDUCATION | |
| 510 Walnut Street; Suite 1250 | |
| Philadelphia, PA 19106 | |
| Tel: (215) 717-3473 | |
| greg.greubel@thefire.org | |
| josh.bleisch@thefire.org | |
| jeff.zeman@thefire.org | |

*Admitted *Pro Hac Vice*

*Counsel for Plaintiff Suzanne Jones*

Date: March 24, 2022

## **CERTIFICATE OF SERVICE**

I, Greg H. Greubel, hereby certify that on March 24, 2022, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's electronic filing system.

*/s/ Greg H. Greubel*
Greg H. Greubel
