IN THE UNITED STATES DISTRCT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUZANNE JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-733-ALM |
| | § | |
| H. NEIL MATKIN, in his personal and | § | |
| official capacity; TONI JENKINS, in her | § | |
| personal and official capacity; and | § | |
| COLLIN COLLEGE | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY**

Defendants H. Neil Matkin and Toni Jenkins, in their individual capacities, (the "Moving Defendants") file the following reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment on Qualified Immunity [Dkt. 22].

1. As an initial reply, the Moving Defendants note that Plaintiff Jones "is no longer pursuing" her due process claims. Dkt. 22, note 1.

2. Next, Plaintiff's response repeatedly states that qualified immunity is inappropriate because it is "clearly established" that public employees may associate with unions and that the First Amendment protects speaking on matters of public concern. However, this lack of granularity ignores the Fifth Circuit's repeated admonition that "to overcome qualified immunity… requires the plaintiff to 'identify a case' – usually a 'body of relevant case law' – in which 'an officer ***acting under similar circumstances***… was held to have violated the [Constitution.]'" *Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020) (emphasis added).

3.       Plaintiff's response also ignores *Vincent v. City of Sulphur,* 805 F.3d 543 (5th Cir. 2015). In *Vincent*, the Fifth Circuit mandated:

> Although a case *directly* on point is not necessary, there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful. [omitting cite] ***Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context***, rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case. See *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004). Therefore, we must decide whether the cases cited by the district court placed beyond reasonable debate the proposition that…

*Vincent*, 805 F.3d at 547 (emphasis in original and added). See also *Cope v. Cogdill,* 3 F.4th 198, 204 and n. 4 (5th Cir. 2021) ("We are bound by the restrictive analysis of 'clearly established' set forth in numerous Supreme Court precedents. … Therefore, unless existing precedent 'squarely governs' the conduct at issue, an official will be entitled to qualified immunity."; "[W]e must enforce the heightened requirements that the Supreme Court has set forth in its recent qualified immunity decisions.") (citing *White v. Pauly,* 137 S.Ct. 548 (2017); *Mullenix v. Luna,* 577 U.S. 7 (2015); *Brosseau v. Haugen,* 543 U.S. 194 (2004)); *Morrow v. Meachum,* 917 F.3d 870, 874-75 (5th Cir. 2019) ("First, we must frame the constitutional question with specificity and granularity. For example, it is obviously beyond debate the Fourth Amendment prohibits certain 'unreasonable…seizures.' 'Yet that is not enough.'") (quoting *Saucier v. Katz,* 533 U.S. 194, 202 (2001)). See also *Joseph*, 981 F.3d at 345 (concluding the defendants were entitled to qualified immunity because the plaintiffs failed to identify an analogous case).[1]

---

[1] As an example of a proper qualified immunity inquiry see, e.g., *Barra v. Boudreaux*, 2020 U.S. Dist. Lexis 62322, *24 (W.D. La. 2020): "This means that the inquiry here is not whether the general requirement of probable cause for a warrantless arrest is 'clearly established.' Rather, the inquiry is whether it was clearly established that the Fourth Amendment prohibited Merithew's conduct 'in the situation he confronted' based on controlling or persuasive authority from other cases." See also *White*, 137 S.Ct. at 551-52: "The panel majority misunderstood the 'clearly

4.      Regarding her First Amendment free speech claim, Plaintiff's response acknowledges that her speech concerned her own "working conditions" and duties in returning as a teacher when the College re-opened its campuses to some in-person learning in the summer of 2020. See Dkt. 22, p. 4. Critically, in the Fifth Circuit, "[t]ypically, an employee speaks in furtherance of his personal employer-employee dispute when he discusses personnel matters directly impacting his job or criticizes other employees or supervisors' job performance." *Salge v. Edna Indep. Sch. Dist.,* 411 F.3d 178, 187 (5th Cir. 2005). See also *Moreau v. St. Landry Par. Fire Dist. No. 3,* 808 Fed. Appx. 225, 228-29 (5th Cir. 2020); *Eubank v. Lockhart Indep. Sch. Dist.,* 229 F.Supp.3d 552, 568-70 (W.D. Tex. 2017). Such is the case here, where Plaintiff's speech concerned operational plans related to *her own* workplace conditions that affected her own job performance and duties and such speech was not dissociated with Plaintiff's role at the college.

5.      Factually, Plaintiffs' speech involves her criticisms of the college's operational working conditions directly relating to her own job performance and duties as a teacher as well as her criticisms of her superiors' job performance in the re-opening of the college in the summer of 2020; and to defeat the Moving Defendants' entitlement to qualified immunity, Plaintiff must identify a pre-2020 case that is "tethered to analogous or near-analogous facts."  Plaintiff has not done this in her response. Rather, she instead relies simply on "abstract or general statements of legal principle untethered to analogous or near analogous facts."  For example, Plaintiff's response cites to cases involving complaints regarding nursing care at hospitals and complaints regarding non-enforcement of city public health code violations for the general proposition that "public health risks and government management thereof are matters of public concern" (see Dkt. 22, p.

---

established' analysis: It failed to identify a case where an officer acting under similar circumstances as Officer White was held to have violated the Fourth Amendment."

22); however, these cases are factually "untethered" to a teacher's complaint outside of the college's shared governance model about operational issues such as in-person instruction as part of the college's re-opening. Moreover, the response's inclusion of two 2020 non-Fifth Circuit opinions holding that the COVID-19 pandemic is a public concern lacks the granularity required to defeat the Moving Defendants' qualified immunity. Summary judgment is therefore proper on this claim. See *Vincent*, 805 F.3d at 547.

6. Turning to Plaintiff's claim that the Moving Defendants violated clearly established law by recommending the nonrenewal of her contract due to her association with a union, the attachments to Plaintiff's Complaint (which include Defendant Jenkins' and Defendant Matkin's own written statements)[2] show that this was ***not*** the reason for their recommendations. Dr. Jenkins was clear that her recommendation for non-renewal was not based on Plaintiff's association with the Texas Faculty Association (TFA) – "Professor Jones is welcome to join any external organization she chooses to join, as is any employee of the college." Rather, Dr. Jenkins recommended non-renewal because (despite prior warnings) Plaintiff knowingly allowed Collin College's name to be misused by the TFA on its website and on the internet. Dkt. 1-7, Page ID # 99-100. See also Dkt. 1-8, Page ID #132.

7. When, like here, a public employee alleges that she was terminated in violation of her constitutional right to associate freely with others, the courts analyze the claim under the approach announced by the Supreme Court in *Pickering v. Board of Education,* 391 U.S. 563 (1968). Critically,

> It is important to underscore the significance that the latter part of the analysis announced in *Pickering* plays in qualified immunity cases. Differences in the nature of the competing interests from case

---

[2] "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

> to case make it difficult for a government official to determine, ***in the absence of case law that is very closely analogous***, whether the balance that he strikes is an appropriate accommodation of the competing individual and governmental interests. We must remember that government officials are not expected to be prescient and are not liable for damages simply because they legitimately but mistakenly believed that the balancing of interests tipped in the State's favor. … Thus, in such circumstances, the facts of the existing caselaw ***must closely correspond*** to the contested action before the defendant official is subject to liability.

*Gregorich v. Lund,* 54 F.3d 410, 414-15 (7th Cir. 1995) (emphasis added).

8. Here, other than citing the general statement of legal principle that "the First Amendment protects an employee's right to associate with a union" (see Dkt. 22, p. 18), Plaintiff's response does not identify a single case wherein a supervisor who recommended the non-renewal of a teacher's expiring contract was held to violate the Constitution when that teacher fails to comply with the college's written policy regarding the use of its name despite a prior warning about the issue. As such, Plaintiff has failed to identify a pre-2020 case that is "tethered to analogous or near analogous facts" of this case sufficient to defeat the Moving Defendants' entitlement to qualified immunity on this claim. There is an "absence of case law that is very closely analogous" or that "closely correspond[s]" to the facts alleged in Plaintiff's complaint and its attachments. Summary judgment is therefore proper on this claim. See *Vincent,* 805 F.3d at 547.

9. Plaintiff's response makes repeated pleas to the Court to allow her to take discovery to attempt to defeat qualified immunity. However, Plaintiff does not need any discovery to identify a case with facts "analogous or near analogous" to the facts alleged in her Complaint and its attachments wherein "an officer acting under similar circumstances was held to have violated the [Constitution]." *Joseph,* 981 F.3d at 330.

10. According to Plaintiff's response, "Jones is certain that her association with the union was a motivating factor in the decision of Matkin and Jenkins to terminate her. (Jones Decl. ¶¶ 37, 39).

Jones also believes that Matkin and Jones communicated about her termination in writing, specifically through emails and text messages to which Jones does not have access. (Jones Decl. ¶ 42).)." Dkt. 22, p. 15, see also pp. 8, 14. However, Plaintiff's (inadmissible) subjective belief that the Moving Defendants are purportedly not telling the truth concerning the reasons for their recommendations and decision[3], without more, is insufficient to create a question of fact to defeat summary judgment on qualified immunity. To the contrary, Plaintiff's request for discovery from the Moving Defendants based on her unilateral subjective "belief" that they violated her constitutional rights contravenes the very essence of qualified immunity.[4]

11. Finally, to defeat a summary judgment, the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *TIG Ins. Co. v. James*, 276 F.3d 754, 759 (5th Cir. 2002). Importantly, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Id*.; see also *Wallace v. Texas tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden."). Moreover, "[p]urported facts based only on subjective beliefs are not competent summary judgment evidence." *Powell v. Dallas Morning News L.P.,* 776 F.Supp.2d 240, 280 (N.D. Tex. 2011); see also *Crockett v. Humana Behavioral Health,* 2019 U.S. Dist. Lexis

---

[3] See, e.g., Jones Declaration, ¶ 38: "I am certain that Jenkins's articulated basis for my termination in her March 4, 2021 Response to Complaint is untrue."

[4] Until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). See also *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"). As stated by the Fifth Circuit, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). See also *Felder v. Hobby,* 1999 U.S. App. Lexis 39273, * 17 (5th Cir. 1999) ("The defense of qualified immunity protects officials from not only the costs of trial but also the burdens of discovery.").

111996, * 7 (E.D. Tex. 2019) (Mazzant, J.). Still further, hearsay is not admissible evidence. See Fed. R. Evid. 802.

12. Here, Plaintiff relies on her self-serving Declaration to attempt to create fact issues to defeat the Moving Defendants' entitlement to summary judgment on qualified immunity. However, the Moving Defendants object to, and move to strike, the following statements in the Declaration of Suzanne E. Jones [Dkt. 22-1], which are inadmissible and cannot be used to defeat summary judgment:

- a. The Moving Defendants object to the statement in the second sentence of ¶ 10 beginning "I felt that…" because this statement is only a subjective belief.

- b. The Moving Defendants object to the statement in ¶ 12 because it contains hearsay.

- c. The Moving Defendants object to the statement in ¶ 15 as conclusory since it contains no supporting facts such as dates or the "other faculty members."

- d. The Moving Defendants object to the statement in ¶ 17 as an inadmissible subjective belief.

- e. The Moving Defendants object to the statement in ¶ 21 as speculation, being an inadmissible subjective belief, and not based on personal knowledge.

- f. The Moving Defendants object to the statements in ¶¶ 25 and 26 and as conclusory.

- g. The Moving Defendants object to the statement in ¶ 29 as speculation.

- h. The Moving Defendants object to the statements in ¶¶ 37-39 and 41-46 as speculation, surmise, being inadmissible subjective beliefs, and not based on personal knowledge.

13. In light of these valid or meritorious objections, Plaintiff's self-serving Declaration does not, and cannot, create a fact question sufficient to defeat the Moving Defendants' entitlement summary judgment on qualified immunity.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/ Richard M. Abernathy*
**Richard M. Abernathy**
State Bar No. 00809500
**Charles J. Crawford**
State Bar No. 05018900
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
rabernathy@abernathy-law.com
ccrawford@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 24th, 2022 a true and correct copy of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment on Qualified Immunity was served upon all attorneys of record by the Court's ECF system.

*/s/Richard M. Abernathy*
Richard M. Abernathy