IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SUZANNE E. JONES,<br><br>*Plaintiff,*<br><br>v.<br><br>H. NEIL MATKIN, in his personal and official capacity; TONI JENKINS, in her personal and official capacity; and COLLIN COLLEGE,<br><br>*Defendants.* | Civil Action No.: 4:21-cv-733-ALM |

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO INDIVIDUAL-CAPACITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY**

GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No. 171622015;
CA Bar. No. 343028
JOSHUA T. BLEISCH*
IN Bar No. 35859-53
JEFFREY D. ZEMAN*
PA Bar No. 382570; MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
    IN EDUCATION
510 Walnut Street; Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
greg.greubel@thefire.org
josh.bleisch@thefire.org
jeff.zeman@thefire.org

ROBERT W. SCHMIDT
TX Bar No. 17775429
CREWS LAW FIRM, P.C.
701 Brazos Street; Suite 900
Austin, TX 78701
Tel: (512) 346-7077, Ext. 103
schmidt@crewsfirm.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiff Suzanne Jones*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...................................................................................................................... 1

I. Defendants' reply provides varying reasons for Jones's termination and ignores disputes of material fact. .................................................................................................. 1

II. Jones is not required to locate a case "directly on point" to overcome qualified immunity. ......................................................................................................................... 3

III. Defendants improperly object to Jones's Declaration on several grounds. ...................... 5

CONCLUSION ........................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases:**

*Ashcroft v. al-Kidd*,
    563 U.S. 731 (2011) .................................................................................................. 3, 4

*Bargher v. White*,
    928 F.3d 439 (5th Cir. 2019) ......................................................................................... 5

*Beattie v. Madison Cnty. Sch. Dist.*,
    254 F.3d 595 (5th Cir. 2001) ......................................................................................... 3

*C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co. of Hartford*,
    453 F. App'x 439 (5th Cir. 2011) .................................................................................. 5

*Culwell v. City of Fort Worth*,
    468 F.3d 868 (5th Cir. 2006) ......................................................................................... 8

*Haverda v. Hays Cnty.*,
    723 F.3d 586 (5th Cir. 2013) ......................................................................................... 3

*Heinsohn v. Carabin & Shaw, P.C.*,
    832 F.3d 224 (5th Cir. 2016) ......................................................................................... 5

*Hope v. Pelzer*,
    536 U.S. 730 (2002) .................................................................................................. 3, 4

*Lane v. Franks*,
    573 U.S. 228 (2014) ...................................................................................................... 4

*Meade v. Ingram Micro, Inc.*,
    No. 4:19-CV-00304, 2020 WL 7364605 (E.D. Tex. Dec. 14, 2020) ............................ 1

*Morgan v. Swanson*,
    659 F.3d 359 (5th Cir. 2011) ......................................................................................... 4

*Saucier v. Katz*,
    533 U.S. 194 (2001) ...................................................................................................... 4

*Vincent v. City of Sulphur*,
    805 F.3d 543 (5th Cir. 2015) ......................................................................................... 4

*Wood v. Moss*,
    572 U.S. 744 (2014) ...................................................................................................... 4

**Statutes:**

E.D. Tex. Local Rule CV-7(f) ................................................................................................... 1

Fed. R. Evid. 701 ........................................................................................................... 6, 7, 8, 9

Fed. R. Civ. P. 56(d) ................................................................................................................ 9

**Other Authorities:**

Constitutional and Civil Rights Cases, 10B Fed. Prac. & Proc. Civ. § 2732.2 (4th ed.) ................ 2

Under Local Rule CV-7(f), Plaintiff Suzanne Jones respectfully files this sur-reply in further opposition to Defendants Matkin and Jenkins's (the Individual-Capacity Defendants) motion for summary judgment on qualified immunity. (Dkt. #9, Defs.' Mot. for Summ. J.).

## INTRODUCTION

Plaintiff's sur-reply is limited to responding to three issues raised in the Individual-Capacity Defendants' reply brief. (Dkt. #24, Defs.' Reply to Pl.'s Opp'n to Individual Defs.' Mot. for Summ. J. [hereinafter "Defs.' Reply Br."]). First, Defendants provide shifting reasons for Jones's termination and ignore disputes of material fact. Second, Defendants incorrectly argue that Jones is required to locate a case "directly on point" to overcome qualified immunity. Finally, Defendants improperly object to portions of Jones's Declaration.

**I.      Defendants' reply provides varying reasons for Jones's termination and ignores disputes of material fact.**

In their reply, Defendants identify one reason for terminating Jones, but claim qualified immunity based on a different reason for terminating Jones. Specifically, Defendants argue, on the one hand, that Jenkins decided to terminate Jones "because (despite prior warnings) Plaintiff knowingly allowed Collin College's name to be misused by the TFA on its website and on the internet." (Dkt. #24, Defs.' Reply Br. ¶ 6). On the other hand, Defendants argue Jones was terminated because of her "complaint outside of the college's shared governance model about operational issues such as in-person instruction as part of the college's re-opening." (Dkt. #24, Defs.' Reply Br. ¶ 5). Defendants' varying rationales for terminating Jones highlight the necessity to develop a full factual record in this case, making summary judgment inappropriate. *See Meade v. Ingram Micro, Inc.*, No. 4:19-CV-00304, 2020 WL 7364605, at *6 (E.D. Tex. Dec. 14, 2020) (Mazzant, J.) (denying summary judgment, in part, because "[a]n inconsistent reason

1

offered to explain an employee's termination may support a finding that the reason is mere pretext") (citation omitted).

This is particularly true as Jones disputes that either of these rationales motivated her termination. Jones has submitted evidence that Defendants not only disfavored union association, but terminated Jones for associating with a union. (Dkt. #22-1, Jones Decl. ¶ 24) (stating she was told she needed to remove Collin College's name from the TFA website because "we cannot be associated with a union"). Instead of rebutting this evidence, Defendants simply restate Defendant Jenkins's written basis for terminating Jones:

> Turning to Plaintiff's claim that the Moving Defendants violated clearly established law by recommending the nonrenewal of her contract due to her association with a union, the attachments to Plaintiff's Complaint (which include Defendant Jenkins' and Defendant Matkin's own written statements) show that this was ***not*** the reason for their recommendations.

(Dkt. #24, Defs.' Reply Br. ¶ 6). At this stage of litigation, before discovery has commenced, this Court cannot ignore Jones's evidence showing that the Defendants disfavored union association and credit Defendant Jenkins's written explanation for terminating Jones. *See* Constitutional and Civil Rights Cases, 10B Fed. Prac. & Proc. Civ. § 2732.2 (4th ed.) ("If plaintiffs claim that some conduct on the part of defendant abridged their First Amendment rights, summary judgment may be precluded because questions concerning defendant's motives or knowledge must be determined.").

In addition to shifting their own basis for terminating Jones and ignoring evidence supporting her claims, Defendants also overlook a material dispute of fact. Specifically, Defendants argue that they terminated Jones for "**knowingly** allow[ing] Collin College's name to be misused by the TFA on its website and on the internet." (Dkt. #24, Defs.' Reply Br. ¶ 6) (emphasis added). In making this argument, Defendants have overlooked that Jones did not

"knowingly" allow TFA to use the College's name, which she makes clear in her Declaration. (Dkt. #22-1, Jones Decl. ¶ 22) ("**Without my knowledge**, the TFA staff listed the Collin College-Plano chapter on its website, providing my personal email address as the contact information.") (emphasis added). Once again, Defendants' reply highlights a factual dispute, which precludes granting summary judgment. As the Fifth Circuit has instructed, "[s]ummary judgment should be used most sparingly in . . . First Amendment cases . . . involving delicate constitutional rights, complex fact situations, disputed testimony, and questionable credibilities." *Haverda v. Hays Cnty.*, 723 F.3d 586, 592 (5th Cir. 2013) (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 600 (5th Cir. 2001)). Because material disputes of fact remain, this Court should deny Defendants' motion for summary judgment.

**II.    Jones is not required to locate a case "directly on point" to overcome qualified immunity.**

Next, despite clearly established law by both the Supreme Court and the Fifth Circuit to the contrary,[1] Defendants insist Jones must identify a case with identical facts. Defendants repeatedly state that for the law to be "clearly established," it must be "beyond debate," a phrase which the Supreme Court introduced in *al-Kidd*. 563 U.S. at 735, 741. However, in *al-Kidd*, the Court also noted that the "clearly established" test does "not require a case directly on point." *Id.* at 741. The Court explicitly and deliberately maintained the objective reasonableness test. *Id.* This is consistent with the Court's articulation that "clearly established" means reasonable officials have been given "fair warning" of those boundaries. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

---

[1] *See* Dkt. #22, Pl.'s Opp'n to Defs.' Mot. for Summ. J., pp. 23–24 of 31 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011)).

3

The Supreme Court's First Amendment cases after *al-Kidd* have confirmed this understanding of the "clearly established" standard. For example, in *Wood v. Moss*, the Court cited *al-Kidd* for the proposition that the right allegedly violated must have been "clearly established" at the time, while describing the dispositive inquiry as "'whether it would [have been] clear to a reasonable officer' in the agents' position 'that [their] conduct was unlawful in the situation [they] confronted.'" 572 U.S. 744, 758 (2014) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)); *see also Lane v. Franks*, 573 U.S. 228, 243 (2014) (citing *al-Kidd* for the "clearly established" standard while holding the relevant question was whether a school administrator could have reasonably believed his actions were constitutional).

In her opposition, Jones identifies an abundance of case law demonstrating that, on January 28, 2021, the day Defendants notified Jones of her non-renewal, reasonable university administrators would have known that retaliating against Jones for associating with a union, or speaking on matters of public concern, violated the First Amendment. (Dkt. #22, Pl.'s Opp'n to Defs.' Mot. for Summ. J., pp. 24–29 of 31). Defendants misread *Vincent v. City of Sulphur*, 805 F.3d 543 (5th Cir. 2015). (Dkt. #24, Defs.' Reply Br. ¶ 3). *Vincent* does nothing to alter the qualified-immunity standard Jones applied in her opposition brief. (Dkt. #22, Pl.'s Opp'n to Defs.' Mot. for Summ. J., pp. 23–24 of 31). Indeed, the quote from *Vincent* Defendants include in their reply omits a citation to *Morgan v. Swanson* which made clear that "[t]he *sine qua non* of the clearly-established inquiry is 'fair warning.'" 659 F.3d at 372 (quoting *Hope*, 546 U.S. at 741). Thus, *Vincent* affirms that a right is clearly established where reasonable officials would have notice that their conduct is unlawful. As such, Defendants are not entitled to qualified immunity.

4

**III.     Defendants improperly object to Jones's Declaration on several grounds.**

Finally, Defendants ask this Court to reject Jones's declaration as "self-serving." (Dkt. #24, Defs.' Reply Br. ¶ 12). The Fifth Circuit has made clear that "[a] party's own testimony is often 'self-serving,' but we do not exclude it as incompetent for that reason alone." *C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011); *see also Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019) (holding "the district court improperly concluded that a party's 'self-serving' sworn statements cannot create a genuine dispute of material fact"); *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016) (holding that "the magistrate judge and district court erred in rejecting [a party's summary-judgment] statements as self-serving . . . ."). Importantly, a lay witness may testify to those opinions or inferences which are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

With these principles outlined, Jones responds to the specific objections of Defendants below by identifying the testimony at issue, stating Defendants' objections, then stating Jones's basis for admissibility.

Jones swears that she "felt that [her] expertise concerning proven teaching methods was particularly useful for Collin College faculty, who faced novel conditions created by COVID-19." (Dkt. #22-1, Jones Decl. ¶ 10). Defendants object to this statement as a subjective belief. (Dkt. #24, Defs.' Reply Br. ¶ 12(a)). Her statement is admissible because she was giving her opinion concerning her skills as an educator, which will help a fact-finder gain a clear understanding of why Jones tried to advocate for other faculty who desired virtual teaching options during the Fall 2020 semester. (Dkt. #22-1, Jones Decl. ¶¶ 10, 12–14).

5

Jones swears that she "did not have any personal issues working in-person in 2020, but [she] received complaints from other faculty members at the Frisco campus concerning the prospect of returning to teach in person, in the Fall of 2020." (Dkt. #22-1, Jones Decl. ¶ 12). Defendants object to this statement as hearsay. (Dkt. #24, Defs.' Reply Br. ¶ 12(b)). Jones's statement is not being offered to prove the truth of the matter asserted (i.e., that she received complaints from other faculty members about returning to teach in person). Her statement is admissible because she is testifying about her state of mind in Fall 2020 to help the fact-finder understand why she attempted to communicate her concerns with the College's reopening plan to the administration. (Dkt. #22-1, Jones Decl. ¶ 13).

Jones swears that she "along with other faculty members, decided to organize a chapter of the Texas Faculty Association ... at the College." (Dkt. #22-1, Jones Decl. ¶ 15). Defendants object to this statement as conclusory. (Dkt. #24, Defs.' Reply Br. ¶ 12(c)). Her statement is admissible because Jones is testifying as to why the faculty decided to organize a union, which was "rationally based on [her] perception" because she was involved in the organizing process. Fed. R. Evid. 701.

Jones swears that she "and others, felt the union was necessary in order to ensure the faculty had a collective voice to raise concerns with the College's policies and practices." (Dkt. #22-1, Jones Decl. ¶ 17). Defendants object to this statement as a subjective belief. (Dkt. #24, Defs.' Reply Br. ¶ 12 (d)). But Jones's statement is admissible because she is testifying to her understanding of why she and other faculty felt the union was necessary, which was "rationally based on [her] perception" because she was involved in the organizing process. Fed. R. Evid. 701.

6

Jones swears that "[u]nder Jenkins's direction, Faculty Council president Kat Balch did not permit [her] to announce the formation of the union during a Faculty Council meeting." (Dkt. #22-1, Jones Decl. ¶ 21). Defendants object to this statement as speculation, being a subjective belief, and not based on personal knowledge. (Dkt. #24, Defs.' Reply Br. ¶ 12(e)). Her statement is admissible because she is testifying to her inference "rationally based on [her] perception." Fed. R. Evid. 701. Moreover, Jones does have personal knowledge that Balch did not permit her to announce the formation of the union during a Faculty Council meeting because she personally experienced this event.

Jones swears that she "forwarded Dean Evans's request to TFA; TFA removed those details within forty-eight (48) hours. During this time period, Dean Evans contacted [her] four (4) separate times to make sure [she] was disassociating [herself] from the TFA." (Dkt. #22-1, Jones Decl. ¶¶ 25–26). Defendants object to this statement as conclusory. (Dkt. #24, Defs.' Reply Br. ¶ 12(f)). Her statements are admissible because Jones personally perceived Dean Evan's actions as described in those paragraphs.

Jones swears that "[t]he panel, entitled 'Finding Your Voice,' was expected to discuss academic freedom, free speech, and engagement with colleagues." (Dkt. #22-1, Jones Decl. ¶ 29). Defendants object to this statement as speculation. (Dkt. #24, Defs.' Reply Br. ¶12(g)). Her statement is admissible because she is testifying to her inference "rationally based on [her] perception" as a member of the TFA Chapter at Collin College with personal knowledge of its members' plans. Fed. R. Evid. 701.

Jones swears that she is certain that her union association motivated the decision of Matkin and Jenkins to terminate her, but she has not been able to depose them or review communications made contemporaneous with her termination to prove her allegation. (Dkt.

7

#22-1, Jones Decl. ¶¶ 37–39). Defendants object to these statements as speculation, surmise, being inadmissible subjective beliefs, and not based on personal knowledge. (Dkt. #24, Defs.' Reply Br. ¶ 12(h)). Her statements are admissible because Jones was giving her opinion concerning her perception of why the Defendants terminated her and the communications involved in making the decision. Fed. R. Evid. 701. Once again, Defendants may disagree with Jones's well-founded belief, but they cannot at this stage strike it from the record and insist that the Court trust their proffered basis for terminating Jones.

Finally, Jones swears that she believes Matkin and Jenkins communicated about her termination through emails and text messages and that without those communications, she will not be able to collect evidence necessary to prove her allegations. (Dkt. #22-1, Jones Decl. ¶¶ 41–46). Defendants object to these statements as speculation, surmise, being inadmissible subjective beliefs, and not based on personal knowledge. (Dkt. #24, Defs.' Reply Br. ¶ 12(h)). As argued in her opposition to Defendants' motion for summary judgment, Jones's statements in ¶¶ 41–46 are probable facts that Jones believes as a matter of opinion, but she does not have access to more competent evidence at this point. As a result, Jones requested in her opposition that this Court permit discovery under Federal Rule of Civil Procedure 56(d). (Dkt. #22, Pl.'s Opp'n to Defs.' Mot. for Summ. J., pp. 20–22 of 31). Rule 56(d) motions "are broadly favored and should be liberally granted" because they "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006).

Because Jones has provided competent evidence to establish disputed facts but has not yet had the opportunity to depose Defendants Matkin and Jenkins, much less review their electronic communications sent during the period when they made the decision to terminate her, the Court should deny summary judgment or permit discovery under Federal Rule of Civil Procedure 56(d) against Matkin and Jenkins in their individual capacities.

## **CONCLUSION**

For the foregoing reasons and those detailed in Jones's opposition brief, this Court should deny Defendants' motion for summary judgment based on qualified immunity.

Respectfully submitted,

| | |
|---|---|
| */s/ Greg H. Greubel* | */s/ Robert W. Schmidt* |
| GREG HAROLD GREUBEL* | Robert W. Schmidt |
| PA Bar No. 321130; NJ Bar No. 171622015; CA Bar. No. 343028 | TX Bar No. 17775429 |
| JOSHUA T. BLEISCH* | CREWS LAW FIRM, P.C. |
| IN Bar No. 35859-53 | 701 Brazos Street; Suite 900 |
| JEFFREY D. ZEMAN* | Austin, TX 78701 |
| PA Bar No. 382570; MI Bar No. P76610 | Tel: (512) 346-7077, Ext. 103 |
| FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION | schmidt@crewsfirm.com |
| 510 Walnut Street; Suite 1250 | |
| Philadelphia, PA 19106 | |
| Tel: (215) 717-3473 | |
| greg.greubel@thefire.org | |
| josh.bleisch@thefire.org | |
| jeff.zeman@thefire.org | |
| *Admitted *Pro Hac Vice* | |

*Counsel for Plaintiff Suzanne Jones*

Date: March 31, 2022

9

## **CERTIFICATE OF SERVICE**

  I, Greg H. Greubel, hereby certify that on March 31, 2022, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's electronic filing system.

*/s/ Greg H. Greubel*
Greg H. Greubel
