## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| SUZANNE E. JONES,<br><br>*Plaintiff,*<br><br>v.<br><br>H. NEIL MATKIN, in his personal and official capacity; TONI JENKINS, in her personal and official capacity; and COLLIN COLLEGE,<br><br>*Defendants.* | **PLAINTIFF'S OPPOSITION TO INDIVIDUAL DEFENDANTS' SUPPLEMENT TO MOTION TO STAY AND/OR LIMIT DISCOVERY**<br><br>Civil Action No.: 4:21-cv-733-ALM |

Plaintiff Suzanne Jones submits this Response to the Supplement to Motion to Stay and/or Limit Discovery filed by Defendants H. Neil Matkin and Toni Jenkins in their individual capacities ("Individual Defendants").[1] (Dkt. #28, Defs.' Suppl. Mot. to Stay and/or Limit Disc.).

Individual Defendants filed a pre-discovery Motion for Summary Judgment on Qualified Immunity (Dkt. #9), along with a Motion to Stay and/or Limit Discovery (Dkt. #8). In opposition to the Motion to Stay and/or Limit Discovery, Jones relied upon *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987) and Federal Rule of Civil Procedure 56(d) to request that this Court permit discovery against: (1) Defendants Collin College and Defendants Matkin and Jenkins in their official capacities with no limitations and (2) the Individual Defendants concerning their reason for terminating Jones. (Dkt. 19, Pl.'s Opp'n to Individual Def.'s Mot. to Stay and/or Limit Disc. 11).

---

[1] Plaintiff notes that neither the Federal Rules of Civil Procedure nor the Local Rules of this District permit parties to file "Supplements" to fully briefed motions. Although there is no procedure for submitting a notice of supplemental authority in district court, their submission, at approximately 658 words, is well over the 350 words prescribed by Federal Rule of Appellate Procedure 28(j). Thus, Plaintiff will treat Defendants' submission as a supplemental brief and will respond in kind.

Now, in their supplemental brief, Individual Defendants call this Court's attention to *Carswell v. Camp*, in which a panel of the Fifth Circuit purported to overrule *Lion Boulos* and the "careful procedure" permitting "a district court to 'defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense'" 37 F.4th 1062, 1066 (5th Cir. 2022) (citation omitted). Individual Defendants argue that *Carswell* requires the Court to stay *all* discovery until the issue of qualified immunity is resolved. Jones disagrees.

Defendants' reliance on *Carswell* is misplaced. First, *Carswell*'s holding is premised on the Defendants' having moved to dismiss under 12(b)(6) on the basis of qualified immunity. As the *Carswell* panel summarized, the Supreme Court's decision in *Ashcroft v. Iqbal*, 555 U.S. 662 (2009),

> squarely repudiated our "careful procedure" for allowing tailored discovery before a district court rules on an official's motion to dismiss. When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense.

*Id.* at 1067. But unlike in *Carswell* or *Iqbal*, Defendants here did not assert qualified immunity in a motion to dismiss. Critically, they have only raised the defense by moving for summary judgment—and improperly arguing they are entitled to qualified immunity based on disputed facts. (Dkt. #22, Pl.'s Opp'n to Mot. for Summ. J. 11–14; Dkt. #25, Pl.'s Sur-Reply in Opp'n to Mot. for Summ. J. 1–3). Thus, while "*Carswell* conclusively establishes that all discovery must be stayed pending resolution of a qualified immunity defense raised in a motion dismiss, [it] does not end the inquiry here where the defense is asserted via summary judgment so that evidence outside the original pleadings may be

considered." *Cobbins v. Graham*, No. 3:21-cv-155, 2022 WL 2663852, at *2 (M.D. La. July 11, 2022).[2]

This is especially true in this case where Jones has, in the alternative, requested discovery under Rule 56(d). (Dkt. #22, Pl.'s Opp'n to Mot. for Summ. J. 16). Jones has stated a plausible claim for relief and alleged well-pleaded facts, but she has not had the opportunity to collect evidence to prove her well-founded, specific allegation that her union affiliation and speech on matters of public concern motivated Individual Defendants' decision to terminate her. Moreover, Defendants' assertion in their Supplement that the issues here all turn on "a pure question of law" is simply incorrect. Rarely does a *Monell* claim ever turn on a pure question of law, and this Court cannot fairly rule on factual disputes over policy and custom without discovery.

Second, this case is distinguishable from *Carswell* because Jones is also suing the Defendants in their official capacities for prospective injunctive relief. Therefore, even if Individual Defendants were entitled to qualified immunity, Jones would proceed with her official-capacity claims. By contrast, the plaintiff in *Carswell*, the mother of a pretrial detainee who died in custody, sued defendants in their individual capacities and the municipal entity seeking only compensatory damages. *See* First Am. Compl., *Carswell v. Camp*, 3:20-cv-2935, ¶ 162 (N.D. Tex. Dec. 7, 2020).[3] Jones's claims for prospective injunctive relief against Collin College and the official-capacity defendants are not subject to qualified immunity, and, therefore, should not impact Jones's ability to proceed with discovery from those parties now.

---

[2] Although the *Cobbins* court ultimately stayed discovery because the evidence to support or oppose the motion for summary judgment was a single video, it emphasized that "this is not to say that every case in which a defendant elects to assert qualified immunity through a summary judgment motion which requests consideration of evidence outside the pleadings should warrant a stay of discovery." *Id.* at *3.

[3] For the court's convenience, a copy of the *Carswell* complaint, is attached as Exhibit A.

At the very least, there is no reason to delay written discovery against the College and official-capacity Defendants because Jones's written discovery requests must be answered regardless of qualified immunity and do not create any significantly different burdens (such as dual-capacity depositions) for the individual-capacity Defendants. In contrast to the plaintiff in *Carswell* who sought to "depose all eight of the individual defendants asserting qualified immunity," Jones seeks to first propound written discovery concerning the College's unconstitutional customs and policies and the official-capacity defendants' use of those customs and policies to justify their unlawful decision to terminate Jones. *Carswell*, 37 F.4th at 1065.

Finally, the panel opinion in *Carswell* is subject to rehearing. *See Appellee's Pet. for Reh'g En Banc*, *Carswell v. Camp*, 37 F.4th 1062 (July 15, 2022) (No. 21-10171). Notably, the *Carswell* panel's approach is at odds with other courts outside of the Fifth Circuit that have recognized that it is proper to allow some discovery to continue when a case involving qualified immunity has both claims for monetary damages and prospective injunctive relief or *Monell* claims. *See Lugo v. Alvarado,* 819 F.2d 5, 6 (1st Cir. 1987) (denying a motion to stay discovery where equitable claims were brought alongside monetary claims because "sooner or later the parties will have the right to engage in discovery as to the equitable claims, irrespective of whether there is a surviving damage action."); *Daniels v. City of Sioux City*, 294 F.R.D. 509, 512 (N.D. Iowa 2013) (denying a motion to stay discovery on *Monell* claims because of "the incongruity of depriving a litigant to access to information that is relevant to the merits of a constitutional claim"); *Burgess v. Baltimore Police Dep't*, No. CV RDB-15-0834, 2016 WL 1159200, at *2 (D. Md. Mar. 23, 2016) ("[I]n the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable."); *Lawrence v. City of Boulder*, No 21-cv-00761, 2021 WL 5810715 at *3 (D. Colo. Dec. 7, 2021)

("the interest of plaintiff to proceed expeditiously outweighs any burden on Defendants of having to participate in discovery while their summary judgment motion is pending."). While some courts instead stay discovery on the *Monell* issues until the entire liability of the individual defendants are resolved, even these cases allow some discovery as the case proceeds to summary judgment. *See Feibush v. Johnson*, 280 F. Supp. 3d 663, 665 (E.D. Pa. 2017) ("a blanket stay against all defendants will merely delay discovery and potentially prejudice Plaintiff"); *Oliver v. City of New York*, 540 F. Supp. 3d 434, 436 (S.D.N.Y. 2021); *Carr v. City of N. Chicago*, 908 F. Supp. 2d 926 (N.D. Ill. 2012); *Reyna v. Cnty. of Los Angeles*, No. CV 19-2629, 2019 WL 6357251 (C.D. Cal. Sept. 23, 2019). As these courts have reasoned, allowing limited discovery against a municipal entity would not be unduly burdensome and may alleviate the judicial inefficiency associated with an outright stay on discovery.

Because Jones will inevitably be entitled to at least *some* discovery from Collin College and the official-capacity defendants, the only question remaining for this Court is under what timeline will Jones receive that discovery. Staying all discovery while a *pre-discovery* summary judgment motion remains pending only burdens the judicial system and frustrates Jones's ability to timely obtain the relief she seeks because it forces the case to remain on the docket with no date for a jury trial. If this Court does intend to stay discovery, it must issue a ruling promptly. In the interim, Jones continues to suffer ongoing irreparable harm to her core First Amendment rights and her livelihood because she continues to be out of a job she loved.

In conclusion, Jones respectfully requests that this Court deny the Individual Defendants' Motion to Stay and/or Limit Discovery and permit discovery against Defendants Collin College and Matkin and Jenkins in their official capacities.

Respectfully Submitted,

/s/ Greg H. Greubel
GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No. 171622015;
CA Bar. No. 343028
JOSHUA T. BLEISCH*
IN Bar No. 35859-53
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut Street; Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
greg.greubel@thefire.org
josh.bleisch@thefire.org
*Admitted *Pro Hac Vice*

/s/ Robert W. Schmidt
ROBERT W. SCHMIDT
TX Bar No. 17775429
CREWS LAW FIRM, P.C.
701 Brazos Street; Suite 900
Austin, TX 78701
Telephone: (512) 346-7077, Ext. 103
schmidt@crewsfirm.com

*Counsel for Plaintiff Suzanne Jones*

Date: July 26, 2022

## CERTIFICATE OF SERVICE

Plaintiff's counsel confirms that a true and correct copy of the foregoing was served via the Court's electronic filing system on this day, July 26, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties indicated below and parties who may access this filing through the Court's electronic filing system.

Charles Joseph Crawford
ABERNATHY ROEDER BOYD & HULLETT, PC
1700 Redbud Blvd., Ste 300
McKinney, TX 75069
Tel: (214) 544-4000
ccrawford@abernathy-law.com

Richard Mercer Abernathy
ABERNATHY ROEDER BOYD & HULLETT, PC
1700 Redbud Blvd., Ste 300
McKinney, TX 75069
Tel: (214) 544-4040
rabernathy@abernathy-law.com

*Counsel for Defendants*

Date: July 26, 2022

*/s/ Greg Harold Greubel*
Greg H. Greubel