UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUZANNE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:21-cv-00733-ALM |
| | § | |
| H. NEIL MATKIN, in his personal and official capacity; TONI JENKINS, in her personal and official capacity; and COLLIN COLLEGE | § § § § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

Pursuant to Fed. R. Civ. P. 31(a)(2), Defendants H. Neil Matkin, Toni Jenkins and Collin College ("Defendants") file the following Motion for Leave to Take Additional Depositions.

1. This is an alleged wrongful termination case. Plaintiff Jones, who is a former teacher at Collin College, alleges that Defendant Collin College, based on the recommendations of Defendants Matkin and Jenkins, wrongfully non-renewed her teaching contract in violation of the First Amendment. See Dkt. 1. As part of their answer, the Defendants have asserted failure to mitigate as an affirmative defense. See Dkt. 5, p. 15.

2. Failure to mitigate is an affirmative defense and Defendants have the burden of proof on this issue. *Little v. Tech. Specialty Prods., LLC,* 2014 U.S. Dist. Lexis 34839, *6 (E. D. Tex. 2014) (Mazzant, J.). As this Court has held, this is a two-part evidentiary burden: Defendants must show (1) that Plaintiff failed to exercise reasonable diligence, and (2) that there were jobs available that Plaintiff could have discovered and for which she was qualified. *Id.* at *6, 8. To meet this burden, Defendants are "required to present evidence that substantially equivalent employment opportunities were available, and Plaintiff did not apply for those opportunities." *Id.* at *9.

3.      Although Plaintiff has produced some documentation of her mitigation efforts, her production shows that her efforts were limited to mostly applying for temporary and/or adjunct teaching positions. Critically, although Plaintiff's discovery responses show the approximately 90 temporary/adjunct teaching jobs that she did apply for, this limited disclosure does not end the inquiry. Rather, Defendants seek discovery regarding the numerous available teaching jobs in Plaintiff's field of expertise that she did not apply for (information that Plaintiff has *not* provided). For example, if there were 1,000 available teaching jobs in Plaintiff's field of expertise in Texas for which she was qualified, that she only applied for 91 positions shows a lack of *reasonable* diligence. Important to this motion, to meet their burden on mitigation, Defendants are entitled to discover from the education institutions themselves the available teaching positions in the limited field of education during the relevant time period.

4.      Thus, to meet their burden, Defendants intend on serving depositions by written questions[1] to various education institutions (universities, colleges, school districts) to discover evidence that substantially equivalent teaching opportunities have been available, but Plaintiff has not applied for these opportunities. Defendants only ask eleven written questions and three document requests of each education institution, which are attached hereto as Exhibit A. Defendants intend on sending these depositions by written questions to 113 education institutions.[2] A list of these education institutions is attached hereto as Exhibit B. Because, as the Court has noted, "Plaintiff was 'specifically considered specialized in online teaching'" [Dkt. 32, p. 2], the requested survey of available teaching positions of 113 education institutions (online teaching removes many geographic restrictions) is both relevant and proportional to the needs of this case considering the

---

[1] Depositions by written questions are a "relatively inexpensive" way to get limited testimony from certain witnesses. See *Burham v. Superior Ct. of Cal.*, 495 U.S. 604, 639 n. 13 (1990) (Brennan, J., concurring).

[2] Texas, alone, has at least 136 colleges/universities and 1246 public school districts and charters.

importance of the mitigation issue to the Defendants' defense as well as the importance of this discovery in resolving this issue, the amount in controversy (hundreds of thousands of dollars), the parties' relative access to the information (the information is in possession of the various education institutions), and the parties' resources (depositions on written questions are "relatively inexpensive"). See Fed. R. Civ. P. 26(b)(1).

5. However, these depositions by written questions will result in more than 10 depositions being taken by Defendants (in addition to the depositions of Plaintiff, Plaintiff's experts, and relevant fact witnesses). As a result, Defendants are required to seek and receive leave of court to take these additional depositions. See Fed. R. Civ. P. 31(a)(2)(A)(i).

6. In addition, pursuant to this Court's order [Dkt. 31], all discovery shall be commenced in time to be completed by November 1, 2022. This deadline would be easily met had Plaintiff's counsel stipulated to these depositions and Defendants did not have to file this motion for leave. However, Plaintiff did not so stipulate, meaning that the completion of these depositions by written questions will be delayed until the Court grants leave. Thus, to the extent necessary, Defendants ask for further leave of court to allow the completion of these depositions by written questions to occur after the current November 1 deadline.

7. Because these depositions are necessary for Defendants to meet their evidentiary burden at trial on mitigation, Defendants request leave of court (1) to serve the attached deposition by written questions to 113 education institutions and (2) extend the current November 1, 2022 discovery deadline to allow the completion of these depositions by written questions.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/Charles J. Crawford*
**RICHARD M. ABERNATHY**
State Bar No. 00809500
**CHARLES J. CRAWFORD**
State Bar No. 05018900
1700 Redbud Blvd, Suite 300
McKinney, Texas 75069-1210
Telephone: 214/544-4000
Telecopier: 214/544-4040
richard@abernathy-law.com
ccrawford@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF CONFERENCE

Plaintiff's counsel opposes the relief sought in this motion.

*/s/ Charles J. Crawford*
Charles J. Crawford

### CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2022 a true and correct copy of Defendants' Motion for Leave to take Additional Depositions was served upon Plaintiff's attorneys by the Court's ECF system.

*/s/ Charles J. Crawford*
Charles J. Crawford
